NINA F. LOCKER, State Bar No. 123838
STEVEN D. GUGGENHEIM, State Bar No. 201386
CAZ HASHEMI, State Bar No. 210239
CAMERON P. HOFFMAN, State Bar No. 229316
MARK T. OAKES, State Bar No. 234598
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: moakes@wsgr.com

Attorneys for Defendants
BROCADE COMMUNICATIONS
SYSTEMS, INC., NEAL DEMPSEY, SETH
NEIMAN and LARRY SONSINI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRENA SMAJLAJ, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BROCADE COMMUNICATIONS SYSTEMS, INC., GREGORY L. REYES, ANTONIO CANOVA, LARRY W. SONSINI, SETH D. NEIMAN and NEAL DEMPSEY,<br><br>　　　　Defendants. | CASE NO.: 3:05-cv-2042 CRB<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

**STIPULATION**

WHEREAS, disclosure and discovery in this action are likely to involve the production of confidential, proprietary, or private information ("Confidential Information") for which special protection from public disclosure and from use for any purpose other than the limited purposes of prosecuting, defending, or attempting to settle this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and [Proposed] Protective Order Regarding Confidentiality ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information or items entitled to treatment as confidential under the applicable legal principles. The parties further acknowledge that Civil Local Rule 79-5 sets forth the applicable procedures and standards when a party seeks permission from the Court to file material under seal.

**IT IS THEREFORE STIPULATED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.  In addition, all documents that were previously produced to any government agency with a request for confidential treatment shall be deemed to have been designated "Confidential" as provided in this paragraph.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents.  If the parties are unable to agree as to whether the

1  confidential designation of discovery material is appropriate, the party or parties receiving the
2  Protected Documents shall certify to the Court that the parties cannot reach an agreement as to
3  the confidential nature of all or a portion of the Protected Documents.  Thereafter, the party or
4  parties disclosing or producing the Protected Documents shall have thirty (30) days from the date
5  of certification to file a motion for protective order with regard to any Protected Documents in
6  dispute.  The party or parties producing the Protected Documents shall have the burden of
7  establishing that the disputed Protected Documents are entitled to confidential treatment.  If the
8  party or parties producing the Protected Documents do not timely file a motion for protective
9  order, then the Protected Documents in dispute shall no longer be subject to confidential
10 treatment as provided in this Protective Order.  All Protected Documents are entitled to
11 confidential treatment pursuant to the terms of this Protective Order until and unless the parties
12 formally agree in writing to the contrary, a party fails to timely move for a protective order, or a
13 contrary determination is made by the Court as to whether all or a portion of a Protected
14 Document is entitled to confidential treatment.
15         4.      Confidential Treatment.  Protected Documents and any information contained
16 therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone
17 for any purpose whatsoever, except as provided for below.
18         5.      Protected Documents and any information contained therein shall be disclosed
19 only to the following persons ("Qualified Persons"):
20         a.  Counsel of record, or counsel assisting counsel of record, in this action for the
               party or party receiving Protected Documents or any information contained
21             therein;
22         b.  Employees of such counsel (including experts and investigators who agree to be
               bound by this Protective Order and who are not competitors or customers of
23             Brocade) assigned to and necessary to assist such counsel in the preparation and
               trial of this action; and
24
           c.  The Court.
25
26 Protected Documents and any information contained therein shall be used solely for the
27 prosecution of this litigation.
28

STIPULATION AND [PROPOSED] PROTECTIVE           -2-           CASE NO. 3:05-CV-2042 CRB
ORDER REGARDING CONFIDENTIALITY

1       6.      Filing Confidential Information.  The parties shall comply with Civil Local Rule

2 79-5, which states that a party authorized by statute, rule or Court order to file a document under

3 seal must lodge the document with the Clerk in accordance with that Rule.  The Clerk shall refer

4 the matter to the assigned judge pursuant to Civil Local Rule 79-5(d).  No document shall be

5 filed under seal except pursuant to a Court order that authorizes the sealing of the particular

6 document or portion thereof and is narrowly tailored to seal only that material for which good

7 cause to seal has been established.  Any order sealing any documents shall direct the sealing of

8 only those documents, pages or, if practicable, those portions of documents or pages that contain

9 the information requiring confidentiality.  All other portions of such documents shall be included

10 in the public file.  The parties shall further comply with the format requirements of Civil Local

11 Rule 79-5(c).  The parties shall also comply with Civil Local Rule 79-5(d) and Civil Local Rule

12 79-5(e).  Copies of any pleading, brief or other document containing Protected Material that is

13 served on opposing counsel shall be delivered in a sealed envelope stamped:

14            **CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

15 and shall be treated in accordance with the provisions of this Protective Order.

16       7.      To the extent that Protected Documents or information contained therein are used

17 in depositions, at hearings, or at trial, such documents or information shall remain subject to the

18 provisions of this Protective Order, along with the transcript pages of the deposition testimony

19 and/or trial testimony referring to the Protected Documents or information contained therein.

20       8.      In addition, a party or non-party may designate information disclosed during a

21 deposition or in response to written discovery as "confidential" by so indicating in said responses

22 or on the record at the deposition and requesting the preparation of a separate transcript of such

23 material.  Additionally, a party or non-party may designate in writing, within twenty (20) days

24 after receipt of said responses or of the deposition transcript for which the designation is

25 proposed, that specific pages of the transcript and/or specific responses be treated as

26 "confidential" information.

27       9.      Any court reporter or transcriber who reports or transcribes testimony in this

28 action shall agree that all "confidential" information designated as such under this Protective

1  Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the
2  terms of this Protective Order, and that any notes or transcriptions of such testimony (and any
3  accompanying exhibits) will be retained by the reporter or delivered to counsel of record.
4        10.    Inadvertent or unintentional production of documents or information containing
5  Confidential Information which are not designated "confidential" shall not be deemed a waiver
6  in whole or in part of a claim for confidential treatment.
7        11.    The party or parties receiving Protected Documents shall not under any
8  circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information
9  contained therein.
10       12.    After termination of this litigation, the provisions of this Protective Order shall
11 continue to be binding, except with respect to those documents and information that become a
12 matter of public record. This Court retains and shall have continuing jurisdiction over the parties
13 and recipients of the Protected Documents for enforcement of the provisions of this Protective
14 Order following termination of this litigation.
15       13.    Upon termination of this action by dismissal, judgment, or settlement, counsel for
16 the party or parties receiving Protected Documents shall return the Protected Documents to the
17 counsel for the party or parties disclosing or producing the Protected Documents. The party or
18 parties receiving the Protected Documents shall keep their attorney work product that refers or
19 relates to any Protected Documents.  Attorney work product may be used in subsequent litigation
20 provided that such use does not disclose Protected Documents or any information contained
21 therein.
22       14.    This Protective Order shall be binding upon the parties and their attorneys,
23 successors, executors, personal representatives, administrators, heirs, legal representatives,
24 assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or
25 organizations over which they have control.
26       15.    The parties anticipate modifying the terms hereof with respect to the sharing of
27 Protected Documents with experts and consultants and other persons not identified in this
28 Protective Order.

WHEREAS, the respective parties agree to the foregoing terms, IT IS SO STIPULATED.

Dated: January 4, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Steven D. Guggenheim
     Steven D. Guggenheim

Attorneys for Defendants
Brocade Communications Systems, Inc., Neal Dempsey, Seth Neiman and Larry Sonsini

[*Remainder of page intentionally left blank*]

| | | |
|---|---|---|
| 1 | Dated: January 4, 2007 | NIX, PATTERSON & ROACH, L.L.P.<br>205 Linda Drive<br>Daingerfield, TX 75638<br>Telephone: (903) 645-7333<br>Facsimile: (903) 645-4415 |

By: /s/ Bradley E. Beckworth
    Bradley E. Beckworth

Co-Lead Counsel for Lead Plaintiff and the Proposed Class

PATTON, ROBERTS, MCWILLIAMS
& CAPSHAW, LLP
Century Bank Plaza
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone: 903-334-7000
Facsimile: 903-330-7007

Co-Lead Counsel for Lead Plaintiff and the Proposed Class

KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone: 415-772-4700
Facsimile: 415-772-4707

Liaison Counsel for Lead Plaintiff and the Proposed Class

## ~~[PROPOSED]~~ ORDER

For good cause appearing, the foregoing stipulation regarding confidentiality is approved.

IT IS SO ORDERED.

Dated: January 5, 2007

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Charles R. Breyer]*

1  I, Mark T. Oakes, am the ECF User whose identification and password are being used to
2  file this STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
3  CONFIDENTIALITY.  In compliance with General Order 45.X.B, I hereby attest that Bradley
4  E. Beckworth has concurred in this filing.

Dated:  January 4, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ Mark T. Oakes
      Mark T. Oakes