United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENA SMAJLAJ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROCADE COMMUNICATIONS SYSTEMS INC., et al,<br><br>Defendants. | No. C 05-02042 CRB<br><br>**CLASS ACTION**<br><br>**ORDER DENYING MOTION TO DISMISS AS TO DEFENDANTS DEMPSEY, NIEMAN, AND SONSINI** |

In this securities class action, Plaintiffs contend that certain directors, officers and employees at Brocade Communications Systems, Inc., concocted a scheme to backdate stock options and thereby avoided recording certain non-cash compensation expenses.  Now pending before the Court is a motion to dismiss filed by Defendant Neal Dempsey, Defendant Seth Neiman, and Defendant Larry Sonsini.

The question presented is whether Plaintiffs' amended complaint contains allegations sufficient to sustain a cause of action against these three defendants under the Private Securities Litigation Reform Act, Pub. L. No. 104-67, 109 Stat. 737 (1995).  Specifically, Defendants contend that the complaint fails to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).

To survive a motion to dismiss, Plaintiffs "must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 974 (9th Cir. 1999). Plaintiffs need not present an allegation of "the smoking gun genre," nor must the inference necessarily be the "most plausible" of all competing inferences. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2510 (2007). Rather, as the Supreme Court recently explained, the alleged facts must give rise to an inference of scienter that is "cogent" and "compelling," in other words "at least as compelling as any opposing inference one could draw from the facts alleged." Id. In considering the strength of the inference established by the allegations, a district court cannot consider allegations "in a vacuum," but instead must "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id. at 2509.

The Court concludes that Plaintiffs have satisfied their burden. In reaching this conclusion, the Court has relied upon none of the materials contained in Plaintiffs' request for judicial notice. Rather, the Court believes that there are allegations sufficient to support a "strong inference of scienter" within the four corners of Plaintiffs' complaint.[1] In contrast to the original consolidated complaint, which contained little more than a blanket assertion that the members of the Audit Committee did not do their job well, see Compl. ¶¶ 175-85, the amended complaint contains page upon page of detail about the specific tasks delegated to and responsibilities assumed by the three moving Defendants; their respective roles in the company's decision to place nearly exclusive authority over certain aspects of the stock options program in the hands of Brocade's CEO; as to Nieman and Dempsey, the size and

---

[1] On the flip side, Defendants' respective request for judicial notice provides little support for its motion to dismiss. The fact that the Securities and Exchange Commission has not filed civil charges against Dempsey, Nieman, and Sonsini may suggest something about the strength of the evidence on which Plaintiffs plan to rely. But it says nothing about the strength of Plaintiffs' allegations, which are presumed true on a motion to dismiss under Rule 12(b)(6). Likewise, the fact that certain filings were made with the SEC offers scant support for a motion to dismiss when the theory of the complaint is that Defendants concealed the nature of their backdating scheme from shareholders and the SEC alike.

timing of the specific stock option grants they approved; and in the case of Sonsini, his connection to myriad other companies where stock options practices of an apparently similar nature have surfaced, see Am. Compl. ¶¶ 15, 39-40, 170-217 (Dempsey and Nieman), id. ¶¶ 16-17, 218-236 (Sonsini).

Not without good reason, Defendants have repeatedly invoked this Court's warning about the need "to be careful that we don't just slip over from approving the backdated options to approving the options which they knew were backdated." Motion at 14 (citing Mot. to Dismiss Hr'g Tr. 18:9-25, Nov. 3, 2006). The additional, detailed allegations furnished by the amended complaint give rise to an inference, at least as strong as any other, that Brocade was issuing backdated stock options, and that Dempsey, Nieman, and Sonsini either knew, or were reckless in not knowing, about the retroactive pricing. For this reason, their motion to dismiss must be, and hereby is, DENIED.

**IT IS SO ORDERED.**

Dated: August 27, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE