1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    IN RE BROCADE SECURITIES                    No. C 05-02042 CRB
      LITIGATION
12    _____/          **ORDER GRANTING MOTION FOR**
                                                  **PARTIAL SUMMARY JUDGMENT**
13

14

15         Now pending before the Court are two related motions filed by the plaintiff Class

16    Representatives.  First, Plaintiffs seek partial summary judgment that Gregory Reyes was

17    acting within the course and scope of his employment at Brocade when he signed SEC Form

18    10-Ks for fiscal years 2001-03.  Although the determination whether an employee has acted

19    within the scope of employment ordinarily presents a question of fact, the motion for partial

20    summary judgment is GRANTED because the only inference that can be drawn from the

21    undisputed facts is that Reyes was required to sign the 10-Ks as part of his duties.  Second,

22    Plaintiffs move to strike three of Brocade's responses to a Request for Admission ("RFA").

23    The motion to strike is DENIED AS MOOT.

24                                    BACKGROUND

25         This shareholder class action involves claims brought under §§ 10(b), 20A and 20(a)

26    of the Securities Exchange Act.  Plaintiffs allege that Brocade Communications and its

27    named executives defrauded shareholders by concealing the negative financial impact of

28    backdated stock option grants.  Amended Complaint ("AC") ¶ 6.  According to the plaintiffs,

Brocade's fraud came to light through a series of public disclosures that correspond to dips in the company's stock price.  AC ¶¶ 334-43.

STANDARD OF REVIEW

Summary judgment is not warranted if a material fact exists for trial.  See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  This can be done by either producing evidence negating an essential element of the plaintiff's claim, or by showing that plaintiff does not have enough evidence of an essential element to carry its ultimate burden at trial.  See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  See id. at 324. In considering a motion for summary judgment, however, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Anderson, 477 U.S. at 250-51.

"Generally, the issue of scope of employment is a question of fact, but becomes a question of law when the facts are undisputed and no conflicting inferences are possible." Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (citing Perez v. Van Groningen & Sons, Inc., 719 P.2d 676, 679 (Cal. 1986)).

**United States District Court**
For the Northern District of California

DISCUSSION

The purpose of Plaintiffs' motion for partial summary judgment is to establish that Brocade is liable for Reyes' conduct in signing three Form 10-Ks.  Plaintiffs seek to establish Brocade's liability through vicarious liability rules, which "ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."  Meyer v. Holley, 537 U.S. 280, 285-86 (2003).  Because Plaintiffs seek to establish vicarious liability under the federal securities laws, the Court must look primarily to federal common law, but California law is "instructive to the extent it helps delineate the traditional respondeat superior and agency principles."  Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 776 n.4 (9th Cir. 2002) (quotation and citation omitted).

Plaintiffs argue that Reyes was acting within the scope and course of employment when he signed the 10-Ks for two reasons.  First, Plaintiffs contend that Reyes bound the defendants when he admitted that he was acting within the course and scope of employment.  Although RFA admissions bind the party who makes the admission, see Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n, 465 F.3d 1102, 1111-12 (9th Cir. 2006), Reyes' admissions have no effect as against Brocade, see Castiglione v. United States Life Ins. Co., 262 F. Supp. 2d 1025, 1030 (D. Ariz. 2003) ("[C]odefendants are not bound by another defendant's admission.").

Plaintiffs' second argument – based on the nature of Reyes' conduct – is more compelling.  Plaintiffs argue that Reyes was acting within the course and scope of employment as a matter of law because he was required – both by federal law and by Brocade – to sign the company's 10-Ks.  SEC instructions mandate that the Form 10-K be signed "on behalf of the registrant by its principal executive officer."  See SEC, Form 10-K. Further, the Sarbanes Oxley Act of 2002 required that Reyes, as Brocade's CEO, certify that, among other things, the company's 2002 and 2003 Form 10-Ks were not materially misleading.  See 15 U.S.C. § 7241(a)(2).

In general, an employer will be vicariously liable based on the doctrine of respondeat superior if its employee's acts were committed within the course and scope of his

3

**United States District Court**
For the Northern District of California

1    employment.  Restatement (Second) Agency § 219 (1958).  Within the course and scope of

2    employment means: (1) the conduct occurred substantially within the time and space limits

3    authorized by the employment; (2) the employee was motivated, at least in part, by a purpose

4    to serve the employer; and (3) the act was of a kind that the employee was hired to perform.

5    Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 775-76 (9th Cir. 2002).

6    California law defines "course and scope" somewhat differently; under the California

7    doctrine of respondeat superior, an employee acts within the scope of his employment if

8    either one of two conditions is met: (1) the act performed was either required or incident to

9    his duties; or (2) the employee's misconduct could be reasonably foreseen by the employer.

10   Randolph v. Budget Rent-A-Car, 97 F.3d 319, 327 (9th Cir. 1996) (citations omitted).

11        Under either the federal standard set forth in Oki or California principles of

12   respondeat superior, holding Brocade liable for Reyes' conduct is appropriate.  Under the

13   Oki framework, it is clear that Reyes' signing of the 10-Ks occurred within the time and

14   space limits authorized by employment and the act was of a kind that Reyes was hired to

15   perform.  The only disputable issue is whether Plaintiffs have established, as a matter of law,

16   that Reyes was motivated, at least in part, by a purpose to serve Brocade.

17        Brocade argues that Reyes' motivation presents a triable issue of fact because Reyes

18   might have backdated for the purpose of personal enrichment.  See Opposition at 6.  The gist

19   of Brocade's opposition is that a jury must decide whether Reyes was acting within the

20   course and scope of his employment because there is evidence that Reyes was motivated by

21   his own financial gain.  But under Oki's standard, the question is merely whether Reyes was

22   acting, in part, to further Brocade's interests.  Reyes could not backdate options to himself.

23   Thus, Reyes could only gain financially from the backdating scheme if Brocade's stock price

24   increased.  It may be that Reyes used backdated stock options to hire better qualified

25

26

27

28

4

1   employees for the ultimate purpose of enriching himself, but in doing so he necessarily

2   would have had Brocade's financial interests in mind.[1]

3       The case against Brocade is even more compelling under California's standards.

4   Under California law, an employee acts within the course and scope of employment when he

5   performs an act required by or incident to his duties.  This condition is satisfied if the

6   employee's tort is engendered by or arises from the work.  See Lisa M. v. Henry Mayo

7   Newhall Memorial Hosp., 907 P.2d 358, 362 (Cal. 1995).  The employee need not have

8   intended to further the employer's interests.  Id. at 361.  Here, there can be no question but

9   that signing the Form 10-Ks arose from Reyes' duties at Brocade.[2]

10      Liability must also be imposed on Brocade under California law if Reyes' misconduct

11  could reasonably have been foreseen.  To satisfy this condition, the tort must be "in a general

12  way, foreseeable from the employee's duties."  Id. at 362.  In this context, foreseeable means

13  that the employee's conduct is not so unusual or startling that it would seem unfair to include

14  the loss resulting from it among other costs of the employer's business.  See Farmers Ins.

15  Group v. County of Santa Clara, 906 P.2d 440, 448 (Cal. 1995).  In other words, the inquiry

16  is whether the risk was one that may fairly be regarded as typical of or broadly incidental to

17  the enterprise undertaken by the employer.  Id.

18      Reyes' signing of an allegedly-materially false 10-K was no so unusual or startling

19  that it would be unfair to impute the loss that resulted to Brocade.  To be sure, an employer is

20  not liable for an employee's tortious conduct if the employee "substantially deviates from the

21

22      [1] Because Reyes' interests necessarily aligned with those of Brocade, this case is
    distinguishable from In re Phar-Mor, Inc. Securities Litigation, 900 F. Supp. 784 (W.D. Pa.
23  1995), in which the court concluded that there was a triable issue of fact whether officers
    committed fraud for their own benefit at the expense of the corporation.  Id. at 786.
24

25      [2] Under California law, Brocade's argument that Reyes intended solely to enrich himself
    is of no force because intent is not significant under California doctrines of respondeat superior.
26  So long as there was a causal nexus between Reyes' work and misconduct – which there clearly
    was – Reyes' intent is not dispositive.  See Henry Mayo Newhall Memorial Hosp., 907 P.2d at
27  361 ("It is clear . . . that California no longer follows the traditional rule that an employee's
    actions are within the scope of employment only if motivated, in whole or part, by a desire to
    serve the employer's interests."); Perez v. Van Groningen & Sons, Inc., 41 Cal.3d 962, 969
28  (1986) ("There is no requirement that an employee's act benefit an employer for respondeat
    superior to apply.").

United States District Court
For the Northern District of California

employment duties for personal purposes." <u>Farmers Ins. Group</u>, 906 P.2d at 449 (emphasis in original).  But in such cases, "the risks are engendered by events unrelated to the employment," <u>id.</u> at 450, such as where an on-duty bartender assaults a victim over a personal dispute, <u>see</u> <u>Monty v. Orlandi</u>, 169 Cal. App. 2d 620, 624 (1959), or a fire marshal sets fire to a building during an inspection as the result of personal compulsion, <u>Thorn v. City of Glendale</u>, 28 Cal. App. 4th 1379, 1383 (1994).  In both <u>Monty</u> and <u>Thorn</u>, the employee "ha[d] completely abandoned pursuit of a business errand for pursuit of a personal objective."  <u>Felix v. Asai</u>, 192 Cal.App.3d 926, 932-33 (1987).  A CEO who willfully signs a false Form 10-K does not completely abandon or substantially deviate from his employment duties.

In a final attempt to elude summary judgment, Brocade requests additional discovery pursuant to Rule 56(f).  Rule 56(f) provides that "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated" present evidence essential to oppose summary judgment, the trial court may deny the motion for summary judgment or continue the hearing to allow for needed discovery.  In making a Rule 56(f) request, a party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment." <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir. 1987).  The party seeking additional discovery must also explain its inability to presently provide the evidence it seeks to discover; that is, it must show that it previously exercised due diligence to obtain the evidence it now seeks a continuance to obtain.  <u>Brae Trans., Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1442-43 (9th Cir. 1986).

Brocade has not met its Rule 56(f) burden.  First, the Rule requires the party opposing summary judgment to submit an affidavit demonstrating the need for the additional time to gather evidence.  Fed. R. Civ. P. 56(f); <u>see also</u> <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir.2006) ("A party requesting a continuance pursuant to Rule 56(f) must <u>identify by affidavit</u> the specific facts that further discovery would reveal, and

6

1   explain why those facts would preclude summary judgment.") (emphasis added).  Brocade

2   has not submitted the affidavit required by Rule 56(f).

3        Second, Brocade's memorandum in opposition does not identify what facts plaintiff

4   seeks to discover to defeat summary judgment on the issue of course and scope.  See United

5   States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1363 (9th Cir. 1986) ("The

6   nonmovant may not simply rely on vague assertions that additional discovery will produce

7   needed, but unspecified, facts.") (citation and alteration omitted).

8        Accordingly, the motion for partial summary judgment is GRANTED.  The motion to

9   strike is DENIED AS MOOT.

10       **IT IS SO ORDERED.**

11

12

13  Dated:  May 13, 2008                    _____
                                            CHARLES  R. BREYER
14                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California