Jeffrey J. Angelovich (admitted *Pro Hac Vice*)
Bradley E. Beckworth (admitted *Pro Hac Vice*)
Susan Whatley (admitted *Pro Hac Vice*)
NIX, PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903-645-7333
Facsimile:  903-645-4415
JAngelovich@nixlawfirm.com
BBeckworth@nixlawfirm.com
SusanWhatley@nixlawfirm.com

Sean Rommel (admitted *Pro Hac Vice*)
PATTON ROBERTS, PLLC
Century Bank Plaza
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone:  903-334-7000
Facsimile:  903-330-7007
srommel@pattonroberts.com

Co-Lead Counsel

Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone:  415-772-4700
Facsimile:  415-772-4707
LKing@KaplanFox.com
LFong@KaplanFox.com

Liaison Counsel

Sean M. Handler (admitted *Pro Hac Vice*)
John A. Kehoe
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 620-677-7056
shandler@sbtklaw.com
jkehoe@sbtklaw.com

Additional Counsel for Erie

Additional Counsel listed on last page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: BROCADE SECURITIES LITIGATION** | Consolidated Case No.:  3:05-CV-02042-CRB<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT AMONG CLASS REPRESENTATIVES AND KPMG LLP** |

1

**STIPULATION AND AGREEMENT OF SETTLEMENT
AMONG CLASS REPRESENTATIVES AND KPMG LLP**

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted in the above-captioned case, *In re: Brocade Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB (the "Action"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the Northern District of California, San Francisco Division (the "Court"), this Stipulation is entered into among Lead Plaintiff and Class Representative, the Arkansas Public Employees Retirement System ("APERS"), and Class Representative, Erie County Public Employees Retirement System ("ERIE") (collectively, "Class Representatives"), on behalf of themselves and the Class (as hereinafter defined), and Defendant KPMG LLP ("KPMG"). The Class Representatives, on behalf of themselves and the Class, and KPMG shall be collectively referred to herein as the "Parties." All terms with initial capitalization shall have the meanings ascribed to them in ¶1 herein.

WHEREAS:

A.    Beginning on May 19, 2005, a series of class action complaints was filed against Brocade, certain of its officers and directors, and KPMG alleging violations of the federal securities laws. The Court held hearings and heard oral argument on the designation of a lead plaintiff on August 26, 2005 and October 7, 2005, and permitted supplemental briefing on each occasion in order to gather more information about certain proposed lead plaintiffs' standing, structure, transparency and authority to serve as lead plaintiff. The Court also permitted limited discovery, including depositions.

B.    On January 12, 2006, the Court appointed APERS as Lead Plaintiff. The Court concluded that APERS was typical of other class members and would adequately and properly represent the Class in this Action.

C.    APERS filed its Consolidated Class Action Complaint on April 14, 2006 (the "Complaint"). Defendants (as defined herein) filed motions to dismiss the Complaint on July 14,

2006.

D.     On July 20, 2006, three (3) months after APERS filed the Complaint, the Securities and Exchange Commission ("SEC") filed an enforcement action against Brocade's former Chief Executive Officer, Greg Reyes, former Chief Financial Officer, Antonio Canova, and former Vice President of Human Resources, Stephanie Jensen (the "SEC Action").  In the "Fourth Claim for Relief" asserted by the SEC in the SEC action, the SEC asserted that Reyes, Canova, and Jensen defrauded Brocade's auditors (*i.e.*, KPMG) throughout the class period in violation of Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2.  That same day, the United States of America filed a criminal action against Reyes and Jensen (the "DOJ Criminal Action").  On August 10, 2006, a federal Grand Jury indicted Reyes and Jensen, charging them with making false statements (the "Indictment").  The Indictment also charged Reyes with four counts of making false statements to Brocade's auditor (*i.e.*, KPMG), in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2.

E.     On September 29, 2006, APERS filed a Motion for Partial Modification of the PSLRA Discovery Stay.  Defendants filed oppositions to APERS' Motion on October 11, 2006.

F.     On November 3, 2006, the Court held a hearing on Defendants' motions to dismiss and APERS' Motion for Partial Modification of the PSLRA Discovery Stay.  The Court denied Brocade's, Reyes', and Canova's motions to dismiss from the bench.  The Court granted APERS leave to file an amended complaint as to Sonsini, Neiman, and Dempsey (the "Audit Committee Defendants").  The Court also granted KPMG's motion to dismiss, but permitted APERS leave to file an amended complaint as to KPMG by January 2, 2007.

G.     In an additional ruling from the bench, the Court granted APERS' Motion for Partial Modification of the PSLRA Discovery Stay.  The Court held that Brocade was required to produce to APERS, no later than the day APERS filed its amended complaint, all documents and other data that had been produced to the federal regulators and other parties.

H.     After the November 3, 2006 hearing, APERS and KPMG entered into settlement discussions.  To facilitate these discussions, KPMG agreed that APERS would not be required to

file an amended complaint against KPMG on the January 2, 2007 deadline established by the Court. KPMG agreed to extend this deadline by 45 days in order to attempt to reach a resolution of APERS' claims against KPMG. On or about June 4, 2007, APERS and KPMG reached an agreement in principle to resolve APERS' claims against KPMG.

I.      On December 18-20, 2006, APERS and Brocade engaged in a mediation before the Honorable Layn R. Phillips. The mediation was unsuccessful.

J.      On January 2, 2007, APERS filed its Amended Consolidated Class Action Complaint against Brocade, Reyes, Canova, Sonsini, Dempsey and Neiman (the "Amended Complaint"). On March 9, 2007, the Audit Committee Defendants filed a motion to dismiss the Amended Complaint. On August 27, 2007, the Court denied the Audit Committee Defendants' motion to dismiss.

K.      The criminal trial of Greg Reyes began on June 18, 2007, and concluded on August 7, 2007, with a unanimous guilty verdict on all ten counts, including the four counts of making false statements to KPMG.

L.      On June 22, 2007, APERS and ERIE filed their Motion for Class Certification. Brocade filed its opposition on August 3, 2007, and APERS and ERIE filed their reply on August 24, 2007.

M.      On August 23, 2007, Brocade filed a motion for partial summary judgment regarding loss causation. By agreement of the parties, the briefing on that motion was stayed.

N.      On August 24, 2007, APERS moved for partial summary judgment on collateral estoppel grounds regarding Reyes' liability. Reyes filed his opposition on September 21, 2007, and APERS filed its reply on September 28, 2007. On October 12, 2007, the Court granted APERS' motion for partial summary judgment, in part, regarding Brocade's 10-Ks filed with the SEC for years ended 2001, 2002 and 2003.

O.      On October 12, 2007, the Court granted the motion for class certification filed by APERS and ERIE, appointing them as Class Representatives in the Action and certifying a class

of persons who purchased or otherwise acquired Brocade common stock between May 18, 2000 and May 15, 2005, inclusive, and who were damaged thereby.

P.    On October 22, 2007, Plaintiffs' Counsel, Brocade's Counsel and counsel for Reyes engaged in a further mediation before the Honorable Layn R. Phillips.  The mediation was unsuccessful. Plaintiffs' Counsel and Brocade's Counsel continued the mediation process via separate teleconferences with Judge Phillips, albeit unsuccessfully, through the remainder of 2007.

Q.    On January 18, 2008, Class Representatives moved for partial summary judgment seeking a determination that Reyes acted within the course and scope of his employment when he executed the Form 10-Ks for fiscal years ended 2001, 2002, and 2003.  The Court granted Class Representatives' motion on May 13, 2008.

R.    On May 13, 2008, Plaintiffs' Counsel, Brocade's Counsel and counsel for Reyes engaged in a further mediation with the Honorable Layn R. Phillips and the Honorable Charles Renfrew.  This mediation concluded with a mediator's proposal that was accepted by Plaintiffs' Counsel and Brocade's Counsel on May 30, 2008.

S.    Class Representatives, through Plaintiffs' Counsel, have conducted an investigation related to the claims and the underlying events and transactions alleged in the Complaint and the Amended Complaint.  Class Representatives, through Plaintiffs' Counsel, have analyzed the evidence adduced during pretrial discovery and have researched the applicable law with respect to the claims of Class Representatives and the Class against KPMG and the potential defenses thereto.

T.    With the assistance of the Honorable Layn R. Phillips and the Honorable Charles Renfrew acting as mediators, Class Representatives, through Plaintiffs' Counsel, have conducted independent discussions and arm's-length negotiations with Brocade with respect to a compromise and settlement of the Action and with a view toward settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class in the Action.

U.     Based upon their investigation and pretrial discovery as set forth above, Plaintiffs' Counsel has recommended and Class Representatives have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representatives and the Class, and are in their best interests, and Class Representatives have agreed to settle the claims raised or could have been raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Class Members will receive from the Settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

V.     KPMG denies that it has committed any act or omission giving rise to any liability and/or violation of law whatsoever and will not agree to pay any monetary payment for "damages" to Class Representatives or the Class.  Nevertheless, KPMG has agreed to reimburse Class Representatives for reasonable costs and expenses (excluding attorney fees) in an amount not to exceed $98,500 for the sole purpose of eliminating the burden and expense of this litigation.  This Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, KPMG with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses KPMG has asserted or would assert.

W.     The Parties recognize that the Action has been litigated by APERS and ERIE and defended by KPMG in good faith, that the Action is being voluntarily settled following arm's-length bargaining between Class Representatives and KPMG and upon advice of counsel, and that Class Representatives and KPMG believe the terms of the Settlement (as defined herein) and this Stipulation are fair, reasonable and adequate to the Class.  This Stipulation shall not be construed or deemed to be evidence of, or an admission or concession on the part of, any Class Representative or any Class Member of any infirmity in the claims asserted in the Action or any other action.

NOW THEREFORE, in consideration of the foregoing recitals and the benefits flowing to the Parties from the Settlement, it is hereby STIPULATED AND AGREED by and among the

Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Settled Claims (as defined herein) and all Settled Defendants' Claims (as defined herein) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

**DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

(a)      "Action" means the above-styled case, *In re: Brocade Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB, pending in the United States District Court, Northern District of California, San Francisco Division, and consisting of all of the following consolidated cases: (i) 3:05-CV-02042-CRB; (ii) 3:05-CV-02139-CRB; (iii) 3:05-CV-02316-CRB; (iv) 3:05-CV-02374-CRB; (v) 3:05-CV-02396-CRB; and (vi) 3:05-CV-02692-CRB.

(b)      "Alternative Judgment" has the meaning set forth in ¶ 12 hereof.

(c)      "Amended Complaint" has the meaning set forth in ¶ J hereof.

(d)      "APERS" means the Arkansas Public Employees Retirement System.

(e)      "Bar Order" has the meaning set forth in ¶ 4 hereof.

(f)      "Brocade" or the "Company" means Brocade Communications Systems, Inc. and its subsidiaries, affiliates, or successors.

(g)      "Brocade's Counsel" means the law firm of Cooley Godward Kronish LLP, which represents Brocade.

(h)      "Brocade Securities" means Brocade common stock.

(i)      "Claims Administrator" means, subject to approval and appointment by the Court, Epiq Systems Inc. ("Epiq"), which shall administer the Settlement.

(j)      "Class" shall be defined as follows: All persons and entities who purchased or otherwise acquired Brocade Securities during the Class Period, and who were damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and

1   partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates at all

2   relevant times; (iii) members of the immediate family of any of the foregoing excluded parties;

3   (iv) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded

4   parties; and (v) any entity in which any of the foregoing excluded parties has or had a controlling

5   interest at all relevant times.  Also excluded from the Class are any putative members of the

6   Class who exclude themselves by timely requesting exclusion in accordance with the

7   requirements set forth in the Notice.

8           (k)   "Class Member" means a member of the Class.

9           (l)   "Class Period" means the period of time between May 18, 2000 and May

10   15, 2005, inclusive.

11           (m)   "Class Representatives" means APERS and ERIE.

12           (n)   "Company Action" means the action styled *Brocade Communications*

13   *Systems, Inc. v. Reyes et al.*, Case No. 3:05-CV-02233-CRB, which was originally filed on or

14   about June 1, 2005 in this Court, and in which Brocade filed a Second Amended Complaint on or

15   about August 1, 2008.

16           (o)   "Complaint" has the meaning set forth in ¶ C hereof.

17           (p)   "Court" means the United States District Court for the Northern District of

18   California, San Francisco Division.

19           (q)    "Defendants" means Brocade, the Individual Defendants, and KPMG.

20           (r)   "Derivative Actions" means: (i) the action styled *In re Brocade*

21   *Communications Systems, Inc. Derivative Litigation*, Case No. 1-05-CV-041683, pending in the

22   Superior Court of California, County of Santa Clara; (ii) the action styled *Barbour et al. v. Reyes*

23   *et al.*, Case No. 3:08-cv-02029-CRB, pending in this Court; (iii) the action styled *Jha v. Reyes et*

24   *al.*, Case No. 3:05-cv-02652-CRB, pending in this Court; (iv) the action styled *Pratt v. Reyes et*

25   *al.*, Case No. 3:05-cv-02372-CRB, pending in this Court; and (v) the action styled *Galluscio v.*

26   *Reyes et al.*, Case No. 3:05-cv-02235, pending in this Court.

27

28

(s)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 12 hereof.

(t)     "ERIE" means Erie County Public Employees Retirement System.

(u)     "Escrow Agent" means Century Bank, NA, pursuant to an Escrow Agreement, to be executed in connection with this Settlement.

(v)     "Fairness Hearing" means the hearing to be held by the Court on the date specified in the Notice at which the Court will consider whether to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for fees and expenses, Class Representatives' application for reimbursement of costs and expenses, and other matters related to the Settlement.

(w)     "Final" or "Finality," with respect to any Judgment or Alternative Judgment (both defined herein), means: (i) if no appeal is filed with respect to the Judgment or Alternative Judgment, the expiration date of the time provided for under the corresponding rules of the applicable court or statute for filing or noticing any appeal; or (ii) if an appeal is filed from the Judgment or Alternative Judgment, the date of (A) final dismissal of such appeal, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or Alternative Judgment; or (B) final affirmance of such appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or Alternative Judgment, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the Plan of Allocation, shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final.

(x)     "Gross Settlement Fund" means the Settlement Amount (defined herein), plus any interest on or other income or gains in respect of that amount earned while such amount is held by the Escrow Agent.

(y)    "Individual Defendants" means Gregory Reyes ("Reyes"), Antonio Canova ("Canova"), Larry Sonsini ("Sonsini"), Seth Neiman ("Neiman") and Neal Dempsey ("Dempsey").

(z)    "Judgment" means the judgment approving the Settlement, to be entered by the Court substantially in the form attached hereto as Exhibit B.

(aa)    "KPMG" means KPMG LLP.

(bb)    "KPMG's Counsel" means Sidley Austin LLP.

(cc)    "Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing, which is to be sent to Class Members substantially in the form attached hereto as Tab 1 to Exhibit A.

(dd)    "Order for Notice and Hearing" means the order preliminarily approving the Settlement and directing notice thereof to the Class, to be entered by the Court substantially in the form attached hereto as Exhibit A.

(ee)    "Parties" means Class Representatives and KPMG.

(ff)    "Plaintiffs' Counsel" means the law firms of Nix, Patterson & Roach, LLP, Class Counsel; Patton Roberts, PLLC, Class Counsel; Keil & Goodson P.C, additional counsel for APERS; and Schiffrin Barroway Topaz & Kessler, LLP, additional counsel for ERIE.

(gg)    "Proof of Claim" means the proof of claim form substantially in the form attached hereto as Tab 2 to Exhibit A.

(hh)    "Publication Notice" means the Summary Notice of Proposed Settlement and Hearing for publication substantially in the form attached hereto as Tab 3 to Exhibit A.

(ii)    "Related Parties" means each of KPMG's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, or any entity in which KPMG has a controlling interest.

(jj)    "Released Parties" means KPMG and the Related Parties.

(kk)    "Settled Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (defined herein in ¶ 1(qq)) that: (i) have been asserted in this Action by Class Representatives on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by Class Representatives, Class Members or any of them against any of the Released Parties, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint and/or the Amended Complaint.   Settled Claims shall also include any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Class Representatives, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action.  Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Claims shall not include:

(i)    any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement;

(ii)    any claims asserted by Persons who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice;

(iii)    any claims, rights or causes of action that have been or could have been asserted in the Derivative Actions and/or the Company Action; or

(iv)    any and all claims that have been asserted under the Securities Act of 1933 and the Securities Exchange Act of 1934, or any other laws, for the allegedly wrongful conduct complained of in *In re Brocade Communications Systems, Inc. Initial Public Offering Securities Litigation,* 01 CV 6613 (SAS)(BSJ), as coordinated for pretrial purposes in *In re Initial Public Offering Securities Litigation,* Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York.

(ll)    "Settled Defendants' Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Released Parties against any of the Class Representatives, Plaintiffs' Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Notwithstanding the foregoing, or any other provisions contained in this Stipulation, Settled Defendants' Claims shall not include any claims to the enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement.

(mm)    "Settlement" means the settlement contemplated by this Stipulation.

(nn)    "Settlement Amount" means $98,500.00.

(oo)    "Stipulation" means this Stipulation and Agreement of Settlement.

(pp)   "Taxes" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Gross Settlement Fund, including, without limitation, any taxes that may be imposed upon KPMG or its counsel with respect to any income or gains earned by or in respect of the Gross Settlement Fund for any period while it is held by the Escrow Agent during which the Gross Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Gross Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

(qq)   "Unknown Claims" means any and all claims that any Class Representative or Class Member does not know or suspect to exist and any and all claims that KPMG does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, Class Representatives, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement.  The Class Representatives, Class Members, and KPMG and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims.  Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have, acknowledged that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to the Released Parties and any and all Settled Claims and Settled Defendants' Claims.

3.     (a)    Upon the Effective Date, Class Representatives and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settled Claims against the Released Parties, whether or not any such Class Member or Class Representative executes and delivers a Proof of Claim.  Further, the Judgment will provide that, upon the Effective Date, Class Representatives and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties.

(b)    Upon the Effective Date, KPMG, on behalf of itself and the Related Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settled Defendants' Claims.  Further, the Judgment will provide that, upon the Effective Date, KPMG, on behalf of

14

itself and the Related Parties, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Defendants' Claim against Class Representatives, Class Members and their respective counsel, or any of them.

## **THE BAR ORDER**

4.      The Judgment approving the Settlement shall include a Bar Order providing:  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claim (i) by any person against KPMG, and (ii) by KPMG against any person, other than a person whose liability has been extinguished by the settlement of KPMG, are hereby permanently barred and discharged.

## **SETTLEMENT CONSIDERATION**

5.      In consideration for the release and discharge provided for in ¶ 3(a) hereof, KPMG shall pay or cause to be paid the Settlement Amount by wire transfer into an interest bearing account with the Escrow Agent within five (5) business days of entry of the Order for Notice and Hearing.

6.      (a)    The Gross Settlement Fund shall be used solely for the purpose of reimbursing Class Representatives and the Class in an amount not to exceed $98,500 for the costs of the Notice, Publication Notice, and administration costs referred to in ¶ 9(b) hereof. Any sums required to be held in escrow hereunder shall be held by the Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court until such time as the funds are paid pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in excess of U.S.$100,000 in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon.  Any funds held in escrow in an amount of less than U.S.$100,000 may be held in a bank account insured by the Federal Deposit Insurance Corporation ("FDIC"). The Parties agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund

within the meaning of Treasury Regulation § 1.468B-1, and that the Escrow Agent, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund. The Parties agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. KPMG agrees to provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(b) All Taxes shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court. The Gross Settlement Fund or the Escrow Agent shall, to the extent required by law, be obligated to withhold from any distributions any funds necessary to pay Taxes including the establishment of adequate reserves for Taxes as well as any amount that may be required to be withheld under Treasury Reg. § 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions. Further, the Gross Settlement Fund shall indemnify and hold harmless the Released Parties and KPMG's Counsel for Taxes.

(c) None of KPMG, the Released Parties, or KPMG's Counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Plaintiffs' Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Gross Settlement Fund; (iii) the plan of allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Gross Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund or the filing of any returns.

**ADMINISTRATION**

8.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court for all Class Members.  KPMG shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

9.     (a)     The Escrow Agent, acting solely in its capacity as escrow agent, shall be subject to the jurisdiction of the Court.

(b)     The Escrow Agent may pay from the Gross Settlement Fund all reasonable costs and expenses (excluding attorney fees), up to the Settlement Amount, reasonably incurred identifying and notifying the Class Members and effecting mailing of the Notice and Proof of Claim and publication of the Publication Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of printing and mailing the Notice and Proof of Claim, publication of the Publication Notice, reimbursements to nominee owners for forwarding the Notice and Proof of Claim to their beneficial owners, any Taxes due, and the reasonable administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

(c)     The Escrow Agent may rely upon any notice, certificate, instrument, request, paper or other document reasonably believed by it to be genuine and to have been made, sent or signed by an authorized signatory in accordance with this Stipulation, and shall not be liable for (and will be indemnified from the Gross Settlement Fund and held harmless from and against) any and all claims, actions, damages, costs (including reasonable attorneys' fees) and expenses claimed against or incurred by the Escrow Agent for any action taken or omitted by it, consistent with the terms hereof and those of any separate escrow agreements concerning the Gross Settlement Fund, in connection with the performance by it of its duties pursuant to the provisions of this Stipulation or order of the Court, except for its gross negligence or willful misconduct.  If the Escrow Agent is uncertain as to its duties hereunder, the Escrow Agent may request that Class Representatives (and, prior to the Effective Date, KPMG) sign a document which states the action or non-action to be taken by the Escrow Agent. In the event the

Settlement is terminated, as provided for herein, indemnified amounts and expenses incurred by the Escrow Agent in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Amount.

### TERMS OF ORDER FOR NOTICE AND HEARING

10.    (a)    Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A, which Order shall, among other provisions, preliminarily approve the Settlement and direct notice thereof to the Class.

(b)    The mailing of the Notice and publication of the Publication Notice shall not occur until the Order for Notice and Hearing has been entered.

### TERMS OF ORDER AND FINAL JUDGMENT

11.    If the Settlement contemplated by this Stipulation is preliminarily approved by the Court pursuant to the Order for Notice and Hearing, the Parties shall request that a Judgment be entered in all material respects in the form annexed hereto as Exhibit B.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

12.    The "Effective Date" of the Settlement shall be the date when all the following conditions of settlement shall have occurred:

(a)    payment of the Settlement Amount pursuant to ¶5 herein;

(b)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c)    entry by the Court of a Judgment, in all material respects in the form set forth in Exhibit B annexed hereto;

(d)    the Judgment becomes Final, or, in the event that the Court enters a judgment that differs from the Judgment in any material respect ("Alternative Judgment") and none of the Parties elects to terminate this Settlement, such Alternative Judgment becomes Final; and

18

(e)      expiration of the time to exercise the termination rights provided in ¶ 13 hereof.

13.      Class Representatives and KPMG shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Party within thirty (30) days of any of the following: (a) the Court declining to enter the Order for Notice and Hearing in any material respect; (b) the Court declining to approve the Settlement as set forth in this Stipulation in any material respect; (c) the Court declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by any level of appellate court; (e) entry by the Court of an Alternative Judgment that differs from the Judgment in any material respect; or (f) the date upon which any Alternative Judgment is modified or reversed in any material respect by any level of appellate court. Class Representatives shall also have the right to terminate the Settlement and thereby this Stipulation if the Settlement Amount is not paid pursuant to this Stipulation. Notwithstanding any other provision or paragraph in this Stipulation, no action or inaction by the Court or any appellate court relating solely to (i) any award of attorneys' fees and expenses and/or any award to Class Representatives for reimbursement of costs or expenses, and/or (ii) the Plan of Allocation shall entitle the Parties to terminate the Settlement or any part of this Stipulation.

14.      Except as otherwise provided herein, in the event the Settlement is terminated pursuant to this Stipulation, the Parties shall be deemed to have reverted to their respective status in the Action immediately prior to January 2, 2007, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered. In such event, Class Representatives shall not use any discovery previously obtained from KPMG in any amended complaint against KPMG. Moreover, in such event, KPMG agrees that all applicable statute of limitations have been tolled since this Action was filed. Furthermore, within ten (10) business days following any termination of this Settlement, the Escrow Agent shall pay to KPMG an amount equal to the Settlement Amount together with any interest or other

income earned thereon or in respect thereof while held in escrow, less any Taxes paid (as such Taxes relate to the Settlement Amount), less any amounts required to be paid to the Escrow Agent pursuant to the relevant escrow agreement.

### NO ADMISSION OF WRONGDOING

15.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties with respect to the truth of any fact alleged by any Class Member or the Class Representatives or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the releases granted them hereunder;

(d)     shall not be construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that

any of their claims are without merit, or that any defenses asserted by KPMG has any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

## **MISCELLANEOUS PROVISIONS**

16.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

17.     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties or any of them with respect to the Settled Claims.  Accordingly, Class Representatives, on behalf of themselves and the Class, and KPMG agree not to assert in any forum that the Action was brought by the Class Representatives or any Class Member or defended by KPMG in bad faith or without a reasonable basis.  The Parties shall assert no claims of any violation of Rules 11 or 37 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Settling Parties affirm that they are aware of no facts or circumstances that would give rise to any violations of Rules 11 or 37 of the Federal Rules of Civil Procedure relating to this Action.  The Parties shall request that the Court, in connection with its entry of the Judgment, make specific findings of fact that the Class Representatives and Plaintiffs' Counsel initiated, maintained and prosecuted the Action in good faith and in accordance with Plaintiffs' Counsel's obligations under Rules 11 and 37 of the Federal Rules of Civil Procedure.

18.     The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

19.     Nothing in this Stipulation or the negotiations or proceedings relating to this Stipulation and the Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity.

20.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties or their successors-in-interest.

21.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

22.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel, enforcing the terms of this Stipulation, and resolving any disputes that may arise in connection with this Stipulation or the Settlement.

23.     The waiver by one Party of any breach of this Stipulation by the other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

24.     This Stipulation, its exhibits, and any related escrow agreements supersede all prior agreements, and constitute the entire agreement, concerning the Settlement of the Action as to the Released Parties and any and all Settled Claims and Settled Defendants' Claims.  No representations, warranties, or inducements have been made by or on behalf of any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

25.     This Stipulation may be executed in one or more counterparts including by signature transmitted by facsimile or scanned image.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

26.     This Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective agents, executors, heirs, predecessors, successors and assigns.

27.     All agreements made and orders entered during the course of the Action relating to confidentiality of information shall survive the execution, performance, and/or termination of this Stipulation.

28.     The construction and interpretation of this Stipulation shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law of the United States requires that federal law governs.

1    29.    This Stipulation shall not be construed more strictly against one Party than

2   another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

3   for one of the Parties, it being recognized that it is the result of arm's-length negotiations

4   between the Parties and that all Parties have contributed substantially and materially to the

5   preparation of this Stipulation.

6    30.    All counsel and any other person executing this Stipulation, any of the exhibits

7   hereto, or any related Settlement documents, warrant and represent that they have the full

8   authority to do so and that they have the authority to take appropriate action required or

9   permitted to be taken pursuant to the Stipulation to effectuate its terms.

10    31.    The Parties agree to cooperate fully with one another in seeking Court approval

11   of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree

12   upon and execute all such other documentation as may be reasonably required to obtain final

13   approval by the Court of the Settlement.

14   DATED:  October 23, 2008                    **NIX, PATTERSON & ROACH, LLP**

15

16                                             By: _____

17                                                  Bradley E. Beckworth
                                                  Jeffrey J. Angelovich
18                                                  Susan Whatley
                                                  Brad E. Seidel
19                                             205 Linda Drive
                                             Daingerfield, TX 75638
20                                             Telephone:  (903) 645-7333

21                                             **Co-Lead Counsel for Lead Plaintiff**

22                                             **PATTON ROBERTS, PLLC**

23

24                                             By: _____
                                                  Sean Rommel
25                                             2900 St. Michael Drive, Suite 400
                                             Texarkana, TX 75505-6128
26                                             Telephone: (903) 334-7000

27                                             **Co-Lead Counsel for Lead Plaintiff**

28

                                             23

29.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

30.     All counsel and any other person executing this Stipulation, any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

31.     The Parties agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED: October 23, 2008                    **NIX, PATTERSON & ROACH, LLP**


By: _____
        Bradley E. Beckworth
        Jeffrey J. Angelovich
        Susan Whatley
        Brad E. Seidel
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333

**Co-Lead Counsel for Lead Plaintiff**

**PATTON ROBERTS, PLLC**

By: _____
        Sean Rommel
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone: (903) 334-7000

**Co-Lead Counsel for Lead Plaintiff**

23

1

**KEIL & GOODSON P.A.**

2
By: _____

3
John C. Goodson
Matt Keil

4
611 Pecan Street
Texarkana, AR 71854

5
Telephone: (870) 772-4113

6
**Additional Counsel for APERS**

7
**SCHIFFRIN, BARROWAY, TOPAZ &**
**KESSLER, LLP**

8

9
By: _____

10
Sean M. Handler
David Kessler

11
John A. Kehoe
280 King of Prussia Road

12
Radnor, PA 19087
Telephone: (610) 667-7706

13

14
**Additional Counsel for Erie**

15
**SIDLEY AUSTIN LLP**

16
By: _____

17
Michael C. Kelley
555 West Fifth Street

18
Los Angeles, CA 90013
Telephone: (213) 896-6000

19

20
**Counsel for KPMG LLP**

21

22

23

24

25

26

27

28

24

1

**KEIL & GOODSON P.A.**

2

By:_____

3          John C. Goodson
           Matt Keil

4      611 Pecan Street
       Texarkana, AR 71854

5      Telephone: (870) 772-4113

6      **Additional Counsel for APERS**

7      **SCHIFFRIN, BARROWAY, TOPAZ &**
       **KESSLER, LLP**

8

9      By: _Sean Handler_  w/ permission

10         Sean M. Handler        by Bred
           David Kessler         Buchn
11         John A. Kehoe
       280 King of Prussia Road
12     Radnor, PA 19087
       Telephone:  (610) 667-7706

13

14     **Additional Counsel for Erie**

15     **SIDLEY AUSTIN LLP**

16

By: _____

17         Michael C. Kelley
       555 West Fifth Street
18     Los Angeles, CA 90013
       Telephone: (213) 896-6000

19

20     **Counsel for KPMG LLP**

21

22

23

24

25

26

27

28

**KEIL & GOODSON P.A.**

By:_____
         John C. Goodson
         Matt Keil
611 Pecan Street
Texarkana, AR 71854
Telephone: (870) 772-4113

**Additional Counsel for APERS**

**SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP**

By: _____
         Sean M. Handler
         David Kessler
         John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706

**Additional Counsel for Erie**

**SIDLEY AUSTIN LLP**

By:_____
       Michael C. Kelley
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000

**Counsel for KPMG LLP**

24