Jeffrey J. Angelovich (admitted *Pro Hac Vice*)
Bradley E. Beckworth (admitted *Pro Hac Vice*)
Susan Whatley (admitted *Pro Hac Vice*)
NIX, PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903-645-7333
Facsimile:  903-645-4415
JAngelovich@nixlawfirm.com
BBeckworth@nixlawfirm.com
SusanWhatley@nixlawfirm.com

Sean Rommel (admitted *Pro Hac Vice*)
PATTON ROBERTS, PLLC
Century Bank Plaza
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone:  903-334-7000
Facsimile:  903-330-7007
srommel@pattonroberts.com

Co-Lead Counsel

Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone:  415-772-4700
Facsimile:  415-772-4707
LKing@KaplanFox.com
LFong@KaplanFox.com

Liaison Counsel

Sean M. Handler (admitted *Pro Hac Vice*)
John A. Kehoe
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 620-677-7056
shandler@sbtklaw.com
jkehoe@sbtklaw.com

Additional Counsel for Erie

Additional Counsel listed on last page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re: BROCADE SECURITIES LITIGATION** | Consolidated Case No.:  3:05-CV-02042-CRB <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted in the above-captioned case, *In re: Brocade Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB (the "Action"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the Northern District of California, San Francisco Division (the "Court"), this Stipulation is entered into among Lead Plaintiff and Class Representative, the Arkansas Public Employees Retirement System ("APERS"), and Class Representative, Erie County Public Employees Retirement System ("ERIE") (collectively, "Class Representatives"), on behalf of themselves and the Class (as hereinafter defined), and Defendants Brocade Communications Systems, Inc. ("Brocade" or the "Company"), Gregory Reyes ("Reyes"), Antonio Canova ("Canova"), Larry Sonsini ("Sonsini"), Seth Neiman ("Neiman") and Neal Dempsey ("Dempsey") (collectively, Reyes, Canova, Sonsini, Neiman and Dempsey shall be referred to herein as the "Individual Defendants") (collectively, the Class Representatives, Brocade, and the Individual Defendants shall be referred to herein as the "Parties").

WHEREAS:

A.     Beginning on May 19, 2005, a series of class action complaints was filed against Brocade in the United States District Court for the Northern District of California, San Francisco Division, alleging violations of the federal securities laws.  The Court held hearings and heard oral argument on the designation of a lead plaintiff on August 26, 2005 and October 7, 2005, and permitted supplemental briefing on each occasion in order to gather more information about certain proposed lead plaintiffs' standing, structure, transparency and authority to serve as lead plaintiff. The Court also permitted limited discovery, including depositions.

B.     On January 12, 2006, the Court appointed APERS as Lead Plaintiff.  The Court concluded that APERS was typical of other class members and would adequately and properly represent the Class in this Action.

C.     APERS filed its Consolidated Class Action Complaint on April 14, 2006 (the "Complaint").  Defendants (as hereinafter defined) filed motions to dismiss the Complaint on July 14, 2006.

D.     On July 20, 2006, three (3) months after APERS filed the Complaint, the Securities and Exchange Commission ("SEC") filed an enforcement action against Brocade's former Chief Executive Officer, Reyes, former Chief Financial Officer, Canova, and former Vice President of Human Resources, Stephanie Jensen ("Jensen") (the "SEC Action").  That same day, the United States of America filed a criminal action against Reyes and Jensen (the "DOJ Criminal Action").  On August 10, 2006, a federal Grand Jury indicted Reyes and Jensen, charging them with making false statements (the "Indictment").

E.     On September 29, 2006, APERS filed a Motion for Partial Modification of the PSLRA Discovery Stay.  Defendants filed oppositions to APERS' Motion on October 11, 2006.

F.     On November 3, 2006, the Court held a hearing on Defendants' motions to dismiss and APERS' Motion for Partial Modification of the PSLRA Discovery Stay.  The Court denied Defendants Brocade, Reyes, and Canova's motions to dismiss from the bench.  The Court granted APERS leave to file an amended complaint as to Sonsini, Neiman and Dempsey (the "Audit Committee Defendants") and KPMG LLP ("KPMG") within 60 days from the date of the hearing.

G.     In an additional ruling from the bench, the Court granted APERS' Motion for Partial Modification of the PSLRA Discovery Stay.  The Court held that Brocade was required to produce to APERS, no later than the day APERS filed its amended complaint, all documents and other data that had been produced to the federal regulators and other parties.

H.     After the November 3, 2006 hearing, APERS and KPMG entered into settlement discussions.  To facilitate these discussions, KPMG agreed that APERS would not be required to file an amended complaint against KPMG by the deadline established by the Court.  KPMG agreed to extend this deadline by 45 days in order to attempt to reach a resolution of APERS' claims against KPMG.  On June 4, 2007, APERS and KPMG reached an agreement in principle

to resolve APERS' claims against KPMG (the "KPMG Settlement"). The KPMG Settlement is memorialized in that certain Stipulation and Agreement of Settlement, by and between KPMG and Class Representatives.

I.      On December 18-20, 2006, APERS and Brocade engaged in a mediation before the Honorable Layn R. Phillips. The mediation was unsuccessful.

J.      On January 2, 2007, APERS filed its Amended Consolidated Class Action Complaint against Brocade, Reyes, Canova, Sonsini, Dempsey and Neiman (the "Amended Complaint"). On March 9, 2007, the Audit Committee Defendants filed a motion to dismiss the Amended Complaint. On August 27, 2007, the Court denied the Audit Committee Defendants' motion to dismiss.

K.      Reyes's criminal trial began on June 18, 2007, and concluded on August 7, 2007, with a unanimous guilty verdict on all ten counts.

L.       On June 22, 2007, APERS and ERIE filed their Motion for Class Certification. Brocade filed its opposition on August 3, 2007, and APERS and ERIE filed their reply on August 24, 2007.

M.      On August 23, 2007, Brocade filed a motion for partial summary judgment regarding loss causation. By agreement of the parties, the briefing on that motion was stayed.

N.      On August 24, 2007, APERS moved for partial summary judgment on collateral estoppel grounds regarding Reyes' liability. Reyes filed his opposition on September 21, 2007, and APERS filed its reply on September 28, 2007. On October 12, 2007, the Court granted APERS' motion for partial summary judgment, in part, regarding Brocade's 10-Ks filed with the SEC for the years ended 2001, 2002 and 2003.

O.      On October 12, 2007, the Court granted the motion for class certification filed by APERS and ERIE, appointing them as Class Representatives in the Action and certifying a class of persons who purchased or otherwise acquired Brocade common stock between May 18, 2000 and May 15, 2005, inclusive, and who were damaged thereby.

P.      On October 22, 2007, Plaintiffs' Counsel, Brocade's Counsel and counsel for Reyes engaged in a further mediation before the Honorable Layn R. Phillips.  The mediation was unsuccessful.  Plaintiffs' Counsel and Brocade's Counsel continued the mediation process via separate teleconferences with Judge Phillips, albeit unsuccessfully, through the remainder of 2007.

Q.      On January 18, 2008, Class Representatives moved for partial summary judgment seeking a determination that Reyes acted within the course and scope of his employment when he executed the Form 10-Ks for fiscal years ended 2001, 2002, and 2003.  The Court granted Class Representatives' motion on May 13, 2008.

R.      On May 13, 2008, Plaintiffs' Counsel, Brocade's Counsel and counsel for Reyes engaged in a further mediation with the Honorable Layn R. Phillips and the Honorable Charles Renfrew.  This mediation concluded with a mediator's proposal that was accepted by Plaintiffs' Counsel and Brocade's Counsel on May 30, 2008.

S.      Class Representatives, through Class Counsel, have conducted an investigation related to the claims and the underlying events and transactions alleged in the Complaint and the Amended Complaint.  Class Representatives, through Class Counsel,  have analyzed the evidence adduced during pretrial discovery and have researched the applicable law with respect to the claims of Class Representatives and the Class against Defendants and the potential defenses thereto.

T.      With the assistance of the Honorable Layn R. Phillips and the Honorable Charles Renfrew acting as mediators, Class Representatives, through Class Counsel, have conducted independent discussions and arm's-length negotiations with Brocade with respect to a compromise and settlement of the Action and with a view toward settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class in the Action.

U.      Based upon their investigation and pretrial discovery as set forth above, Class Counsel has recommended and Class Representatives have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representatives and the

Class and are in their best interests, and Class Representatives have agreed to settle the claims that were raised or could have been raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Class Members will receive from the Settlement; (b) the attendant risks of litigation; and (c) the desirability of permitting the Settlement (as hereinafter defined) to be consummated as provided by the terms of this Stipulation.

V.    Brocade and the Individual Defendants (defined below in ¶ 1(aa)) deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, Brocade or any Individual Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Brocade or any Individual Defendant has asserted or could assert in the Action or any other action.

W.    The Parties recognize that the Action has been litigated by APERS and ERIE and defended by Defendants in good faith, that the Action is being voluntarily settled following arm's-length bargaining between Class Representatives and Brocade with the aid of experienced and able mediators and upon advice of competent counsel, and that Class Representatives and Brocade believe the terms of the Settlement and this Stipulation are fair, reasonable and adequate to the Class.  This Stipulation shall not be construed or deemed to be evidence of, or an admission or concession on the part of, any Class Representative or any Class Member of any infirmity in the claims asserted in the Action.

NOW THEREFORE, in consideration of the foregoing recitals and the benefits flowing to the Parties from the Settlement, it is hereby STIPULATED AND AGREED by and among the Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Settled Claims (defined below in ¶ 1(pp)) and all Settled Defendants' Claims (defined below in ¶ 1(qq)) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

**DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

(a)      "Action" means the above-styled case, *In re: Brocade Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB, pending in the United States District Court, Northern District of California, San Francisco Division, and consisting of all of the following consolidated cases: (i) 3:05-CV-02042-CRB; (ii) 3:05-CV-02139-CRB; (iii) 3:05-CV-02316- CRB; (iv) 3:05-CV-02374-CRB; (v) 3:05-CV-02396-CRB; and (vi) 3:05-CV-02692-CRB.

(b)      "Alternative Judgment" has the meaning set forth in ¶ 26(d) hereof.

(c)      "Amended Complaint" has the meaning set forth in ¶ J hereof.

(d)      "APERS" means the Arkansas Public Employees Retirement System.

(e)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(f)      "Bar Order" has the meaning set forth in ¶ 4 hereof.

(g)      "Brocade" and the "Company" mean Brocade Communications Systems, Inc. and its subsidiaries, affiliates, or successors.

(h)      "Brocade's Counsel" means the law firm of Cooley Godward Kronish LLP, which represents Brocade.

(i)      "Brocade Securities" means Brocade common stock.

(j)      "Claims Administrator" means, subject to approval and appointment by the Court, Epiq Systems Inc. ("Epiq"), which shall administer the Settlement.

(k)      "Class" shall be defined as follows: All persons and entities who purchased or otherwise acquired Brocade Securities during the Class Period, and who were damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties;

(iv) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties; and (v) any entity in which any of the foregoing excluded parties has or had a controlling interest at all relevant times.  Also excluded from the Class are any putative members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.

(l)     "Class Distribution Order" has the meaning set forth in ¶ 11 hereof.

(m)     "Class Member" means a member of the Class.

(n)     "Class Period" means the period of time between May 18, 2000 and May 15, 2005, inclusive.

(o)     "Class Representatives" means APERS and ERIE.

(p)     "Company Action" means the action styled *Brocade Communications Systems, Inc. v. Reyes et al.*, Case No. 3:05-CV-02233-CRB, which was originally filed on or about June 1, 2005 in this Court, and in which Brocade filed a Second Amended Complaint on or about August 1, 2008.

(q)     "Complaint" has the meaning set forth in ¶ C hereof.

(r)     "Court" means the United States District Court for the Northern District of California, San Francisco Division.

(s)      "Defendants" means Brocade, the Individual Defendants and KPMG.

(t)     "Derivative Actions" means: (i) the action styled *In re Brocade Communications Systems, Inc. Derivative Litigation*, Case No. 1-05-CV-041683, pending in the Superior Court of California, County of Santa Clara; (ii) the action styled *Barbour et al. v. Reyes et al.*, Case No. 3:08-cv-02029-CRB, pending in this Court; (iii) the action styled *Jha v. Reyes et al.*, Case No. 3:05-cv-02652-CRB, pending in this Court; (iv) the action styled *Pratt v. Reyes et al.*, Case No. 3:05-cv-02372-CRB, pending in this Court; and (v) the action styled *Galluscio v. Reyes et al.*, Case No. 3:05-cv-02235, pending in this Court.

(u)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 26 hereof.

8

(v)    "ERIE" means Erie County Public Employees Retirement System.

(w)    "Escrow Agent" means Century Bank, NA, pursuant to an Escrow Agreement, to be executed in connection with this Settlement.

(x)    "Fairness Hearing" means the hearing to be held by the Court on the date specified in the Notice at which the Court will consider whether to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for fees and expenses, Class Representatives' application for reimbursement of costs and expenses, and other matters related to the Settlement.

(y)    "Final" or "Finality," with respect to any Judgment or Alternative Judgment (both defined herein), means: (i) if no appeal is filed with respect to the Judgment or Alternative Judgment, the expiration date of the time provided for under the corresponding rules of the applicable court or statute for filing or noticing any appeal; or (ii) if an appeal is filed from the Judgment or Alternative Judgment, the date of (A) final dismissal of such appeal, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or Alternative Judgment; or (B) final affirmance of such appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or Alternative Judgment, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the Plan of Allocation (defined herein), shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final.

(z)    "Gross Settlement Fund" means the Settlement Amount (defined herein), plus any interest on or other income or gains in respect of that amount earned while such amount is held by the Escrow Agent.

(aa)    "Individual Defendants" means Reyes, Canova, Sonsini, Neiman and Dempsey.

(bb)    "Judgment" means the judgment approving the Settlement, to be entered by the Court substantially in the form attached hereto as Exhibit B.

(cc)    "KPMG" means KPMG LLP.

(dd)    "Net Settlement Fund" has the meaning set forth in ¶ 6(a) hereof.

(ee)    "Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing, which is to be sent to Class Members substantially in the form attached hereto as Tab 1 to Exhibit A.

(ff)    "Opt-out Threshold" has the meaning set forth in ¶ 25 hereof and in the Supplemental Agreement.

(gg)    "Order for Notice and Hearing" means the order preliminarily approving the Settlement and directing notice thereof to the Class, to be entered by the Court substantially in the form attached hereto as Exhibit A.

(hh)    "Parties" means Class Representatives, on behalf of themselves and the Class, Brocade, and the Individual Defendants.

(ii)    "Plaintiffs' Counsel" means the law firms of Nix, Patterson & Roach, LLP, Class Counsel; Patton Roberts, PLLC, Class Counsel; Keil & Goodson P.C, additional counsel for APERS; and Schiffrin Barroway Topaz & Kessler, LLP, additional counsel for ERIE.

(jj)    "Plan of Allocation" has the meaning set forth in ¶ 13 hereof.

(kk)    "Proof of Claim" means the proof of claim form substantially in the form attached hereto as Tab 2 to Exhibit A.

(ll)    "Publication Notice" means the Summary Notice of Proposed Settlement and Hearing for publication substantially in the form attached hereto as Tab 3 to Exhibit A.

(mm)   "Related Parties" means each of Brocade or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint

ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which Brocade or an Individual Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.  As used herein, "Related Parties" excludes KPMG, whose settlement with the Class is governed by a separate agreement.

(nn)   "Released Parties" means Brocade, the Individual Defendants and the Related Parties.

(oo)   "Remainder" means the Settlement Amount less the $2,000,000 to be paid into the Escrow Account pursuant to ¶ 5(a) herein.

(pp)   "Settled Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (defined herein in ¶ 1(xx)) that: (i) have been asserted in this Action by Class Representatives on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by Class Representatives, Class Members or any of them against any of the Released Parties, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint and/or the Amended Complaint.   Settled Claims shall also include any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Class Representatives, Class

11

Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action.  Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Claims shall not include:

(i)     any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement;

(ii)    any claims asserted by Persons who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice;

(iii)   any claims, rights or causes of action that have been or could have been asserted in the Derivative Actions and/or the Company Action; or

(iv)    any and all claims that have been asserted under the Securities Act of 1933 and the Securities Exchange Act of 1934, or any other laws, for the allegedly wrongful conduct complained of in *In re Brocade Communications Systems, Inc. Initial Public Offering Securities Litigation,* 01 CV 6613 (SAS)(BSJ), as coordinated for pretrial purposes in *In re Initial Public Offering Securities Litigation,* Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York.

(qq)    "Settled Defendants' Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Released Parties

12

against any of the Class Representatives, Plaintiffs' Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Notwithstanding the foregoing, or any other provision contained in this Stipulation, Settled Defendants' Claims shall not include any claims to enforce the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the Court in connection with the Settlement.

(rr)    "Settlement" means the settlement contemplated by this Stipulation.

(ss)    "Settlement Amount" means $160,000,000.00.

(tt)    "Special Litigation Committee" means the Special Litigation Committee of Brocade's Board of Directors, appointed on or about February 22, 2008.

(uu)    "Stipulation" means this Stipulation and Agreement of Settlement.

(vv)    "Supplemental Agreement" shall have the meaning set forth in ¶ 25.

(ww)    "Taxes" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, (A) with respect to the income or gains earned by or in respect of the Gross Settlement Fund, including, without limitation, any taxes that may be imposed upon Brocade or its counsel with respect to any income or gains earned by or in respect of the Gross Settlement Fund for any period while it is held by the Escrow Agent during which the Gross Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes; or (B) by way of withholding as required by applicable law on any distribution by the Escrow Agent or the Claims Administrator of any portion of the Gross Settlement Fund to Authorized Claimants and other persons entitled thereto pursuant to this Stipulation; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Gross Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

(xx)    "Unknown Claims" means any and all claims that any Class Representative or Class Member does not know or suspect to exist and any and all claims that Brocade or any Individual Defendant does not know or suspect to exist in his, her or its favor at

the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, Class Representatives, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement.  The Class Representatives, Class Members, Brocade and the Individual Defendants and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims.  Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to Brocade and the Individual Defendants and any and all Settled Claims and Settled Defendants' Claims.

3.      (a)    Upon the Effective Date, Class Representatives and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees,

successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settled Claims against the Released Parties, whether or not any such Class Member or Class Representative executes and delivers a Proof of Claim.  Further, the Judgment will provide that, upon the Effective Date, Class Representatives and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties.

(b)   Upon the Effective Date, Brocade and the Individual Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settled Defendants' Claims.  Further, the Judgment will provide that, upon the Effective Date, Brocade and the Individual Defendants, on behalf of themselves and their Related Parties, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Defendants' Claim against Class Representatives, Class Members and their respective counsel, or any of them.

## THE BAR ORDER

4.   (a)   The Judgment approving the Settlement shall include a Bar Order providing:  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claim (i) by any person against Brocade or the Individual Defendants, and (ii) by Brocade or the Individual Defendants against any person, *other than claims for contribution that Brocade and/or the Special Litigation Committee have asserted or may assert*

15

*against the Individual Defendants, the Related Parties or any of them,* are hereby permanently barred and discharged.  15 U.S.C. § 78u-4(f)(7)(A)(i) and (ii).

(b)   Notwithstanding anything in the foregoing Bar Order or 15 U.S.C. § 78u-4(f)(7)(A) to the contrary, the Individual Defendants hereby acknowledge and agree that they are "person[s] whose liability has been extinguished" by the Settlement within the meaning of 15 U.S.C. § 78u-4(f)(7)(A)(ii).  Further, the Individual Defendants knowingly and expressly waive the right to assert the Bar Order or 15 U.S.C. § 78u-4(f)(7)(A) as a defense to any claims for contribution that Brocade and/or the Special Litigation Committee have asserted or may assert against them in connection with the defense and Settlement of the Action or any related litigation arising from the transactions and occurrences that form the basis of the Action; provided, however, that the Individual Defendants and their Related Parties, and each of them, shall retain the right to defend against any such claims for contribution on other grounds, including, without limitation: (i) that he or she is not at fault for the conduct giving rise to the Settlement; (ii) that his or her proportional fault is less than asserted by Brocade and/or the Special Litigation Committee; (iii) that Brocade is legally and/or contractually obligated to indemnify him or her for some or all of the Settlement Amount and/or that he or she is not required to reimburse or repay Brocade for that indemnified amount; and (iv) that the Settlement Amount is greater than warranted under all of the circumstances. Further, Brocade and the Special Litigation Committee agree that they will not argue or otherwise assert in any forum or proceeding that (i) by entering into this Stipulation the Individual Defendants acquiesced in the Settlement Amount or waived in any way their arguments challenging the Settlement Amount as excessive, and (ii) the Bar Order in any way affects or impairs the existing rights of the Individual Defendants to obtain indemnification and advancement of fees incurred in connection with Settled Claims or any other claim asserted against them.  The Individual Defendants agree that they will not argue or otherwise assert in any forum or proceeding that, by entering into this Stipulation, Brocade or the Special Litigation Committee in any way compromised or otherwise affected its/their right to seek to limit or extinguish any purported obligation to indemnify or

advance fees to the Individual Defendants and their Related Parties or to seek to recover any of the fees or expenses that Brocade has advanced or may advance on behalf of or for the benefit of the Individual Defendants and/or their Related Parties.

### SETTLEMENT CONSIDERATION

5.      In consideration for the release and discharge provided for in ¶ 3(a) hereof, Brocade shall:  (a) pay or cause to be paid the sum of $2,000,000 by wire transfer into an interest bearing account with the Escrow Agent within five (5) business days of entry of the Order for Notice and Hearing; and (b) pay or cause to be paid the Remainder by wire transfer into an interest bearing account with the Escrow Agent within twenty-one (21) calendar days of entry of the Order for Notice and Hearing.

6.      (a)      The Gross Settlement Fund shall be used to pay (i) the Notice, Publication Notice, and administration costs referred to in ¶ 9(b) hereof, (ii) the attorneys' fees and expense award referred to in ¶ 10(a) hereof, (iii) the award to Class Representatives of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class referred to in ¶ 10(b) hereof; and (iv) the remaining administration expenses referred to in ¶ 11 hereof.  The balance of the Gross Settlement Fund after the above payments and the payment of any Taxes shall be the "Net Settlement Fund."  Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 12-22 hereof in accordance with the Plan of Allocation.  Any sums required to be held in escrow hereunder shall be held by the Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court until such time as the funds are distributed to Authorized Claimants or paid to the person(s) paying the Settlement Amount pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in excess of U.S.$100,000 in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon.  Any funds held in escrow in an amount of less than U.S.$100,000 may be held in a bank account insured by the Federal Deposit Insurance Corporation ("FDIC").  Class Representatives, on behalf of themselves and the Class, and

17

Brocade agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that the Escrow Agent, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund.  Class Representatives, on behalf of themselves and the Class, and Brocade agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. Brocade agrees to provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(b)    All Taxes shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.  The Gross Settlement Fund or the Escrow Agent shall, to the extent required by law, be obligated to withhold from any distributions to Authorized Claimants and other persons entitled thereto pursuant to this Stipulation any funds necessary to pay Taxes, including the establishment of adequate reserves for Taxes as well as any amount that may be required to be withheld under Treasury Reg. § 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions.  Further, the Gross Settlement Fund shall indemnify and hold harmless the Released Parties for Taxes.

(c)    The Released Parties shall not have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of Plaintiffs' Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (v) any losses

18

suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any returns.

(d)    Authorized Claimants shall provide any and all such information that the Claims Administrator may reasonably require and/or that is required by applicable law in respect of Taxes and filings and reporting for Taxes, before any distributions are made to Authorized Claimants as contemplated hereby, and the Claims Administrator may, without liability to the Authorized Claimants, delay such distributions unless and until such information is provided in the form required by the Claims Administrator.

## ADMINISTRATION

8.    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court for all Class Members.  Brocade shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge all information from Brocade's transfer records concerning the identity of Class Members and their transactions.

9.    (a)    The Escrow Agent, acting solely in its capacity as escrow agent, shall be subject to the jurisdiction of the Court.

(b)    The Escrow Agent may pay from the Gross Settlement Fund, without further approval from Brocade, all reasonable costs and expenses up to the amount of U.S. $750,000 associated with identifying and notifying the Class Members and effecting mailing of the Notice and Proof of Claim and publication of the Publication Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of printing and mailing the Notice and Proof of Claim, publication of the Publication Notice, reimbursements to nominee owners for forwarding the Notice and Proof of Claim to their beneficial owners, any Taxes due, and the reasonable administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  In the

19

event that such costs exceed $750,000 prior to the Effective Date, Plaintiffs' Counsel shall submit a written request to Brocade's Counsel seeking to utilize additional monies from the Gross Settlement Fund for purpose of providing notice and administering the Settlement, with the understanding that consent shall not be unreasonably withheld by Brocade.  In the event that the Settlement is terminated, as provided for herein, notice and administration costs paid or incurred in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Amount.

(c)   The Escrow Agent may rely upon any notice, certificate, instrument, request, paper or other document reasonably believed by it to be genuine and to have been made, sent or signed by an authorized signatory in accordance with this Stipulation, and shall not be liable for (and will be indemnified from the Gross Settlement Fund and held harmless from and against) any and all claims, actions, damages, costs (including reasonable attorneys' fees) and expenses claimed against or incurred by the Escrow Agent for any action taken or omitted by it, consistent with the terms hereof and those of any separate escrow agreements concerning the Gross Settlement Fund, in connection with the performance by it of its duties pursuant to the provisions of this Stipulation or order of the Court, except for its gross negligence or willful misconduct.  If the Escrow Agent is uncertain as to its duties hereunder, the Escrow Agent may request that Class Representatives (and, prior to the Effective Date, Brocade) sign a document which states the action or non-action to be taken by the Escrow Agent.   In the event the Settlement is terminated, as provided for herein, indemnified amounts and expenses incurred by the Escrow Agent in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Amount.

**ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVES**

10.   (a)  Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses payable from the Gross Settlement Fund (plus interest on both sums at the same rate earned by the Gross Settlement Fund) in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Notice.   Plaintiffs'

Counsel shall provide to the Court, as part of the motion for approval of the Settlement, all necessary information required by the Court concerning the total award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund.  Such amounts as are awarded by the Court to Plaintiffs' Counsel from the Gross Settlement Fund shall be payable immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligations to promptly make refunds or repayments to the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to this Stipulation, of all (or, if the attorneys' fees and expense award is reduced, any excess) attorneys' fees and expenses awarded by the Court, plus interest thereon at the same rate as is earned by the Gross Settlement Fund. The apportionment and distribution among Plaintiffs' Counsel of any award of attorneys' fees and expenses shall be within their sole discretion.  The Released Parties shall not have any obligations or liability whatsoever with respect to any attorneys' fees or expenses incurred by Plaintiffs' Counsel beyond those awarded by the Court to Plaintiffs' Counsel, which shall be payable solely from the Gross Settlement Fund.

(b)   Class Representatives will apply to the Court for an award of reasonable costs and expenses (which may include lost wages) directly relating to the representation of the Class as allowed by 15 U.S.C. § 78u-4(a)(4), plus interest on such sum at the same rate earned by the Gross Settlement Fund. Class Representatives shall provide to the Court, as part of the motion for approval of the Settlement, all necessary information required by the Court concerning the total award of reasonable costs and expenses to be paid from the Gross Settlement Fund.  Such amounts as are awarded by the Court to Class Representatives from the Gross Settlement Fund shall be payable immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Representatives'

21

obligations to make appropriate refunds or repayments (including interest thereon at the same rate as is earned by the Gross Settlement Fund) to the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to this Stipulation.  The Released Parties shall not have any obligations or liability whatsoever with respect to any costs and expenses to Class Representatives beyond those awarded by the Court to Class Representatives, which shall be payable solely from the Gross Settlement Fund.

## CLASS DISTRIBUTION ORDER/ADMINISTRATION EXPENSES

11.     Plaintiffs' Counsel will apply to the Court for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, and approving any fees and expenses relating to the administration of the Settlement not previously paid by the Escrow Agent pursuant to ¶ 9 or applied for, including the fees and expenses of the Claims Administrator, and, only if the Effective Date (as defined in ¶ 26) has occurred, directing payment of the Net Settlement Fund to Authorized Claimants (the "Class Distribution Order").

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

12.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its recognized claim compared to the total recognized claims of all Authorized Claimants.  This is not a claims-made settlement.  Brocade shall not be entitled to receive any of the Gross Settlement Fund following the Effective Date.  Neither Brocade nor the Individual Defendants shall have any involvement in or liability for reviewing, approving or challenging claims filed with the Claims Administrator in connection with this Settlement.

13.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the plan of allocation described in the Notice ("Plan of Allocation")).

14.     It is understood and agreed by the Parties that the Plan of Allocation, including, but not limited to, any adjustments to any Authorized Claimant's claim set forth herein, is not part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the Finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION OF THE SETTLEMENT

15.     Any Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims, unless said Class Member elects to exclude himself, herself or itself from the Settlement in accordance with the procedures and timing set forth in the Notice.

16.     The Claims Administrator shall process the Proofs of Claim and, after the entry of the Class Distribution Order, shall distribute the Net Settlement Fund to Authorized Claimants. Except for the obligation of Brocade to pay the Settlement Amount to the Escrow Agent in accordance with ¶ 5 hereof, the Released Parties shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.

17.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement (unless, by Court Order, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action, and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims, unless said Class Member elects to exclude himself, herself or itself from the Settlement in accordance with the procedures and timing set forth in the Notice. Provided that it is received before the first motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.   In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph 17(e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proof of Claim submitted.   The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph 17(e) below; and

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph 17(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a final review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court, which will have final decisionmaking power over any such dispute(s).

18.     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court for approval in the Class Distribution Order.

19.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of such claimant's claim.  No discovery shall be allowed on the merits of the Action, the Settled Claims, the Settled Defendants' Claims or the Settlement in connection with processing the Proofs of Claim.

20.     Distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Settlement shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action, and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

21.     All proceedings with respect to the administration, processing and determination of claims described by ¶ 17 hereof, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

22.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator, only after the Effective Date and after: (a) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to contest with the Claims Administrator such rejection or disallowance; (b) all objections with respect to all rejected or disallowed claims have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired; (c) all costs of administration have been paid; and (d) the Court has entered the Class Distribution Order directing such distribution.

## TERMS OF ORDER FOR NOTICE AND HEARING

23.     (a)     Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A, which Order shall, among other provisions, preliminarily approve the Settlement and direct notice thereof to the Class.

(b)     The mailing of the Notice and publication of the Publication Notice shall not occur until the Order for Notice and Hearing has been entered.

## TERMS OF ORDER AND FINAL JUDGMENT

24.     If the Settlement contemplated by this Stipulation is preliminarily approved by the Court pursuant to the Order for Notice and Hearing, the Parties shall request that a Judgment be entered in all material respects in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

25.     Simultaneously herewith, Plaintiffs' Counsel and Brocade's Counsel are executing a "Supplemental Agreement." Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court. As set forth in ¶ 28, Brocade may, in accordance with the terms set forth in the Supplemental Agreement, elect in writing to terminate the Settlement and this Stipulation if a certain condition (the "Opt-out Threshold") is met and Plaintiffs' Counsel are unable to cure this condition in accordance with the terms of the Supplemental Agreement. The Supplemental Agreement and/or any of its terms may be

disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 29, 30, and 36, which shall continue to apply.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

26.     The "Effective Date" of the Settlement shall be the date when all the following conditions shall have occurred:

(a)     payment of the Settlement Amount pursuant to ¶ 5 herein;

(b)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c)     entry by the Court of a Judgment, in all material respects in the form set forth in Exhibit B annexed hereto;

(d)     the Judgment becomes Final, or, in the event that the Court enters a judgment that differs from the Judgment in any material respect ("Alternative Judgment") and neither Class Representatives nor Brocade elect to terminate this Settlement, such Alternative Judgment becomes Final;

(e)     expiration of the time for Brocade to exercise its termination rights provided in the Supplemental Agreement and ¶¶ 25 and 28 herein; and

(f)     the later of (i) expiration of the time to exercise the termination rights provided in ¶ 27(a) hereof, or (ii) if a dispute arises regarding the right to terminate this Settlement and thereby this Stipulation, the resolution of any such dispute as provided in ¶ 27(b) hereof.

27.     (a)     Class Representatives and Brocade shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within thirty (30) days of any of the following:  (i) the

27

Court declining to enter the Order for Notice and Hearing in any material respect; (ii) the Court declining to approve the Settlement as set forth in this Stipulation in any material respect; (iii) the Court declining to enter the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by any level of appellate court; (v) entry by the Court of an Alternative Judgment that differs from the Judgment in any material respect; or (vi) the date upon which any Alternative Judgment is modified or reversed in any material respect by any level of appellate court.   Class Representatives shall also have the right to terminate the Settlement and thereby this Stipulation if the Settlement Amount is not paid pursuant to this Stipulation.  Notwithstanding any other provision or paragraph in this Stipulation, no action or inaction by the Court or any appellate court relating solely to (i) any award of attorneys' fees and expenses and/or any award to Class Representatives for reimbursement of costs or expenses pursuant to ¶ 10 hereto, and/or (ii) the Plan of Allocation shall entitle Class Representatives to terminate the Settlement or any part of this Stipulation.

(b)     In the event that either Class Representatives or Brocade terminate this Settlement and thereby this Stipulation pursuant to ¶ 27(a) hereof and the other disputes the basis for such termination, Class Representatives, on behalf of themselves and the Class, and Brocade agree to, and shall, submit such dispute to Judge Layn R. Phillips and Judge Charles Renfrew for a binding determination of the terminating party's right to terminate pursuant to the provisions of this Stipulation.  Class Representatives, on behalf of themselves and the Class, and Brocade agree that Judge Phillips and Judge Renfrew shall be the sole and exclusive arbiters of any such dispute and that their decision shall be mandatory, binding, and not subject to any appeal or review.

28.     Notwithstanding any other provision or paragraph in this Stipulation, Brocade may, in accordance with the terms set forth in the Supplemental Agreement, and in its sole discretion, elect in writing to terminate the Settlement and this Stipulation if the Opt-out Threshold is exceeded and not cured in accordance with the terms of the Supplemental Agreement.

29.     Except as otherwise provided herein, in the event the Settlement is terminated pursuant to this Stipulation, the Parties shall be deemed to have reverted to their respective status in the Action and any other action immediately prior to execution of the Stipulation and, except as otherwise expressly provided, shall proceed in all respects as if this Stipulation and any related orders had not been entered.   Furthermore, within ten (10) business days following any termination of this Settlement, Plaintiffs' Counsel will repay into the Gross Settlement Fund any amount that has already been paid to Plaintiffs' Counsel for attorneys' fees and expenses (together with interest thereon at the same rate as is earned on the Gross Settlement Fund), and Class Representatives will repay into the Gross Settlement Fund any amount that has already been paid to Class Representatives as reasonable costs and expenses (together with interest thereon at the same rate as is earned on the Gross Settlement Fund).   The Escrow Agent shall then promptly pay to Brocade an amount equal to the Settlement Amount together with any interest or other income earned thereon or in respect thereof while held in escrow, less any Taxes paid, less any amounts required to be paid to the Escrow Agent pursuant to the relevant escrow agreement, and less any reasonable costs of administration and notice actually incurred and paid or payable from the Settlement Amount (as described in ¶ 6 hereof), less any applicable withholding taxes.

## NO ADMISSION OF WRONGDOING

30.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by any Class Member or the Class Representatives or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Party;

29

(b)      shall not be offered or received against any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party;

(c)      shall not be offered or received against any Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing in any other civil, criminal or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Parties may offer or refer to it to effectuate its terms, including the releases granted them hereunder;

(d)      shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

## **MISCELLANEOUS PROVISIONS**

31.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

32.      The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties or any of them with respect to the Settled Claims.  Accordingly, Class Representatives, on behalf of themselves and the Class, Brocade and the Individual Defendants agree not to assert in any forum that the Action was brought by Class Representatives or any Class Member or defended by Brocade or the Individual Defendants in those actions in bad faith or without a reasonable basis.  The Parties shall assert no claims of any violation of Rules 11 or 37 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties affirm that they are aware of no facts or circumstances that would give rise to any violations of

Rules 11 or 37 of the Federal Rules of Civil Procedure relating to this Action.  The Parties shall request that the Court, in connection with its entry of the Judgment, make specific findings of fact that Class Representatives and Plaintiffs' Counsel initiated, maintained and prosecuted the Action in good faith and in accordance with Plaintiffs' Counsels' obligations under Rules 11 and 37 of the Federal Rules of Civil Procedure.

33.     The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them (other than one that has been or may be brought by Brocade and/or the Special Litigation Committee) in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

34.     Class Representatives, on behalf of themselves and the Class, and Brocade agree that the Settlement Amount paid and the other terms of the Settlement were negotiated at arm's length in good faith, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

35.     In the event that Class Representatives or Brocade institutes any legal action against the other to enforce the provisions of the Settlement or this Stipulation or to declare rights or obligations under the Settlement or this Stipulation prior to the Effective Date, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such enforcement action. For the avoidance of doubt, the Individual Defendants shall have no rights or obligations under this paragraph.

36.     Nothing in this Stipulation or the negotiations or proceedings relating to this Stipulation and the Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity.

37.     This Stipulation may not be modified or amended, nor may any of its paragraphs or provisions be waived, except by a writing signed by Brocade, the Individual

31

Defendants, and the Class Representatives, on behalf of themselves and the Class, or their successors-in-interest.

38.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

39.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel, enforcing the terms of this Stipulation, and resolving any disputes that may arise in connection with this Stipulation or the Settlement.

40.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

41.     This Stipulation and its exhibits, the Supplemental Agreement, and any related escrow agreements supersede all prior agreements and constitute the entire agreement concerning the Settlement of the Action as to Brocade and the Individual Defendants and any and all Settled Claims and Settled Defendants' Claims.   No representations, warranties, or inducements have been made by or on behalf of any Party hereto concerning this Stipulation, its exhibits, and the Supplemental Agreement other than those contained and memorialized in such documents.

42.     This Stipulation may be executed in one or more counterparts including by signature transmitted by facsimile or scanned image.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

43.     This Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective agents, executors, heirs, successors and assigns.

44.     All agreements made and orders entered during the course of the Action relating to confidentiality of information shall survive the execution, performance, and/or termination of this Stipulation.

45.     The construction and interpretation of this Stipulation and the Supplemental Agreement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law of the United States requires that federal law governs.

46.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

47.     All counsel and any other person executing this Stipulation, any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

48.     The Parties agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:  October 23, 2008                    **NIX, PATTERSON & ROACH, LLP**

                                            By: _____
                                                Bradley E. Beckworth
                                                Jeffrey J. Angelovich
                                                Susan Whatley
                                                Brad E. Seidel
                                            205 Linda Drive
                                            Daingerfield, TX 75638
                                            Telephone:  (903) 645-7333

                                            **Co-Lead Counsel for Lead Plaintiff**

**PATTON ROBERTS, PLLC**

By: _____

Sean Rommel
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone: (903) 334-7000

**Co-Lead Counsel for Lead Plaintiff**

**KEIL & GOODSON P.A.**

By:_____

John C. Goodson
Matt Keil
406 Walnut
Texarkana, AR 71854
Telephone: (870) 772-4113

**Additional Counsel for APERS**

**SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP**

By: _____

David Kessler
Sean M. Handler
John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706

**Additional Counsel for Erie**

34

1

**PATTON ROBERTS, PLLC**

2

By: _____

3
            Sean Rommel
    2900 St. Michael Drive, Suite 400

4
    Texarkana, TX 75505-6128
    Telephone: (903) 334-7000

5

**Co-Lead Counsel for Lead Plaintiff**

6

7

**KEIL & GOODSON P.A.**

8

By: _____

9
         John C. Goodson
           Matt Keil

10
    406 Walnut

11
    Texarkana, AR 71854
    Telephone: (870) 772-4113

12

**Additional Counsel for APERS**

13

14

**SCHIFFRIN, BARROWAY, TOPAZ &**
**KESSLER, LLP**

15

16

By: _____

17
           David Kessler
           Sean M. Handler

18
           John A. Kehoe
    280 King of Prussia Road

19
    Radnor, PA 19087
    Telephone:  (610) 667-7706

20

21

**Additional Counsel for Erie**

22

23

24

25

26

27

28

**PATTON ROBERTS, PLLC**

By: _____
      Sean Rommel
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone: (903) 334-7000

**Co-Lead Counsel for Lead Plaintiff**


**KEIL & GOODSON P.A.**

By:_____
      John C. Goodson
      Matt Keil
406 Walnut
Texarkana, AR 71854
Telephone: (870) 772-4113

**Additional Counsel for APERS**


**SCHIFFRIN, BARROWAY, TOPAZ &
KESSLER, LLP**

By: _____
      David Kessler
      Sean M. Handler
      John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706

**Additional Counsel for Erie**

34

COOLEY GODWARD KRONISH LLP

By: _____
    John C. Dwyer
    Koji Fukumura
    Angela L. Dunning
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000

**Counsel for Brocade Communications Systems, Inc.**


**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**


By: _____
    Garrett J. Waltzer
    Richard Marmaro
    Jack Patrick DiCanio
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000

**Counsel for Gregory Reyes**


**HOGAN & HARTSON LLP**


By: _____
    Norman J. Blears
    Robin E. Wechkin
    Robert B. Buehler
·525 University Avenue, 2nd Floor
Palo Alto, CA  94301
Telephone:

**Counsel for Antonio Canova**

**COOLEY GODWARD KRONISH LLP**

By: _____
     John C. Dwyer
     Koji Fukumura
     Angela L. Dunning
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000

**Counsel for Brocade Communications Systems, Inc.**


**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**

By: _____
     Garrett J. Waltzer
     Richard Marmaro
     Jack Patrick DiCanio
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000

**Counsel for Gregory Reyes**


**HOGAN & HARTSON LLP**

By: _____
     Norman J. Blears
     Robin E. Wechkin
     Robert B. Buehler
525 University Avenue, 2nd Floor
Palo Alto, CA  94301
Telephone:

**Counsel for Antonio Canova**

**COOLEY GODWARD KRONISH LLP**

By: _____
    John C. Dwyer
    Koji Fukumura
    Angela L. Dunning
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000

**Counsel for Brocade Communications Systems, Inc.**


**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**

By: _____
    Garrett J. Waltzer
    Richard Marmaro
    Jack Patrick DiCanio
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000

**Counsel for Gregory Reyes**


**HOGAN & HARTSON LLP**

By: _____
    Norman J. Blears
    Robin E. Wechkin
    Robert B. Buehler
525 University Avenue, 2nd Floor
Palo Alto, CA  94301
Telephone:

**Counsel for Antonio Canova**

35

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS, LLP**

By: _____
     Richard M. Phillips
     Jeffrey L. Bornstein
     Ramiz I. Rafeedie
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 249-1075

**Counsel for Neal Dempsey**


**CRAVATH, SWAINE & MOORE, LLP**

By: _____
     Evan R. Chesler
     Daniel Slifkin
     Michael A. Paskin
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (214) 474-1000

**Counsel for Larry Sonsini**


**WILLIAM CUTLER PICKERING HALE &
DORR, LLP**

By: _____
     Jeffrey Rudman
     Jonathan Shapiro
     Michael A. Mugmon
1117 California Avenue
Palo Alto, CA 94306-2155
Telephone: (650) 858-6000

**Counsel for Seth D. Neiman**

36

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS, LLP**

By: _____
        Richard M. Phillips
        Jeffrey L. Bornstein
        Ramiz I. Rafeedie
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 249-1075

**Counsel for Neal Dempsey**


**CRAVATH, SWAINE & MOORE, LLP**

By: _____
        Evan R. Chesler
        Daniel Slifkin
        Michael A. Paskin
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (214) 474-1000

**Counsel for Larry Sonsini**


**WILLIAM CUTLER PICKERING HALE &
DORR, LLP**

By: _____
        Jeffrey Rudman
        Jonathan Shapiro
        Michael A. Mugmon
1117 California Avenue
Palo Alto, CA 94306-2155
Telephone: (650) 858-6000

**Counsel for Seth D. Neiman**

36

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS, LLP**

By: _____
     Richard M. Phillips
     Jeffrey L. Bornstein
     Ramiz I. Rafeedie
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 249-1075

**Counsel for Neal Dempsey**


**CRAVATH, SWAINE & MOORE, LLP**

By: _____
     Evan R. Chesler
     Daniel Slifkin
     Michael A. Paskin
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (214) 474-1000

**Counsel for Larry Sonsini**


**WILLIAM CUTLER PICKERING HALE &
DORR, LLP**

By: _____
     Jeffrey Rudman
     Jonathan Shapiro
     Michael A. Mugmon
1117 California Avenue
Palo Alto, CA 94306-2155
Telephone: (650) 858-6000

**Counsel for Seth D. Neiman**

36