IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: BROCADE SECURITIES LITIGATION | No. C 05-02042 CRB<br><br>**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

IT IS HEREBY ORDERED THAT:

1. The Court preliminary certifies, for purposes of effectuating the KPMG settlement, a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) that is identical to the Class previously certified, consisting of: all persons and entities who purchased or otherwise acquired Brocade common stock between May 18, 2000 and May 15, 2005, inclusive, and who were damaged thereby. Excluded from the Class are (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates, at all relevant times; (iii) members of the immediate family of any of the foregoing parties; (iv) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties; and (v) any entity in which any of the foregoing excluded parties has or had a controlling interest at all relevant times. Also excluded from the Class are any putative members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.

2. The Court finds that the above-defined Settlement Class meets all the requirements for class certification. The Court further finds that the numerosity, commonality, typicality, and fairness requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied.

3. For the Class certified for the purposes of effectuating the KPMG Settlement, APERS and ERIE are appointed as class representatives and Nix Patterson & Roach, LLP and Patton Roberts, PLLC are appointed as class counsel.

4. The Court appoints Epiq Systems Inc. ("Epiq") as Claims Administrator to supervise and administer the notice and claims procedures in connection with the Settlement.

5. The Court preliminarily approves (i) the Settlement of the Action as set forth in the Stipulations, so long as ¶ 10 of Stipulation is amended to reflect the agreement that attorneys' fees and expenses will be paid upon final judgment, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any member of the Class to challenge the fairness, reasonableness, and adequacy of the Settlement.

6. The Court approves the proposed manner and content of the Notice and Proof of Claim and Release Form for the Settlement Class. The Court directs Plaintiffs to begin the Notice process immediately forthwith.

7. A Fairness Hearing shall be held on January 23, 2009 at 10 a.m. in Courtroom 8 of the United States District Court for the Northern District of California to determine whether the Settlement should become final. The parties are directed to file an amended Stipulation that conforms with the Court's Order before the Fairness Hearing.

8. Any member of the Class who timely and properly objects to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses, and/or Class Representatives' application for reimbursement of reasonable costs and expenses, or who otherwise wishes to be heard, may appear at the Fairness Hearing and present evidence or argument that may be proper or relevant. Such party shall, no later than fourteen (14) calendar days prior to the date of the

Fairness Hearing, file with the Court and serve upon counsel a notice of intent to appear and the grounds for objection.

9. Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of any application for an award of attorneys' fees and reimbursement of expenses or for reimbursement of costs and expenses of Class Representatives, shall do so by seven (7) calendar days before the date scheduled for the Fairness Hearing.

10. The Court authorizes payment out of the Gross Settlement Fund of the notice and administrative expenses described in ¶ 9 of the Stipulations.

11. The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No person or entity that is not a Class Member of counsel for Class Representatives shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund or Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulations.

12. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulations.

**IT IS SO ORDERED.**

Dated: November 18, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE