COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
KOJI FUKUMURA (189719) (kfukumura@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306
Telephone:     (650) 843-5000
Facsimile:      (650) 857-0663

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BROCADE SECURITIES LITIGATION, | Case No.  C 05-02042 CRB |
| This Document Relates to: | **DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT** |
| ALL ACTIONS. | |
| | Date:      October 2, 2009<br>Time:      10:00 a.m.<br>Judge:     Hon. Charles R. Breyer<br>Dept.:      Courtroom 8, 19th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

# Table of Contents

Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.     STATEMENT OF ISSUES ...................................................................................... 2

III.    FACTUAL BACKGROUND ..................................................................................... 2

        A.     The Federal Class Action ...................................................................... 2

        B.     The Federal Class Action Settlement .................................................... 3

               1.     The Releases .............................................................................. 4

               2.     The Class Notice ......................................................................... 4

               3.     This Court's Continuing Jurisdiction .......................................... 5

        C.     The State Huang Action .......................................................................... 5

        D.     The State Huang Action Plaintiffs Are Members of the Federal Class ................. 7

IV.     ARGUMENT ........................................................................................................ 8

        A.     Plaintiffs Are Bound By the Releases and this Court's Final Order ...................... 8

        B.     This Court Has Authority Under its Final Order and the All-Writs Act and the Anti-Injunction Act To Enjoin Plaintiffs From Maintaining Their Appeal in the State Huang Action ......................................................... 10

V.      CONCLUSION ..................................................................................................... 12

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

NOTICE; MOTION TO ENFORCE CLASS ACTION SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1

# TABLE OF AUTHORITIES

2

Page

3

## CASES

4

California v. Randtron,
    284 F.3d 969 (9th Cir. 2002) ................................................................................ 11

5

Chick Kam Choo v. Exxon Corp.,
    486 U.S. 140 (1988) ............................................................................................ 11

6

Golden v. Pacific Maritime Ass'n,
    786 F.2d 1425 (9th Cir. 1986) .............................................................................. 11

7

Gross v. Barnett Banks, Inc.,
    934 F. Supp. 1340 (M.D. Fla. 1995) ..................................................................... 12

8

In re Mfrs. Life Ins. Co. Premium Litig.,
    No. 96CV230 BTM (AJB), 2008 WL 4950939 (S.D. Cal. Nov. 18, 2008) ......................... 12

9

10

In re Prudential Ins. Co. of Am. Sales Practice Litig.,
    261 F.3d 355 (3d Cir. 2001) ................................................................................ 12

11

Int'l Union of Operating Eng'rs v. Karr,
    994 F.2d 1426 (9th Cir. 1993) .............................................................................. 11

12

McCubbrey v. Boise Cascade Home & Land Corp.,
    71 F.R.D. 62 (N.D. Cal. 1976) .............................................................................. 12

13

Sandpiper Vill. Condominium Ass'n., Inc. v. Louisiana Pacific Corp.,
    428 F.3d 831 (9th Cir. 2005) ................................................................................ 10

14

15

Western Sys., Inc. v. Ulloa,
    958 F.2d 864 (9th Cir. 1992) ................................................................................ 11

16

17

## STATUTES

18

18 U.S.C. § 1962(c) ............................................................................................... 6

28 U.S.C. § 1651 .................................................................................................. 10

19

28 U.S.C. § 2283 .................................................................................................. 11

20

Fed. R. App. P. § 4(a)(1) ........................................................................................ 4

21

798260 v4/PA

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

ii.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1

**NOTICE OF MOTION AND MOTION**

2

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

3

**CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

4

PLEASE TAKE NOTICE that on October 2, 2009 at 10:00 a.m., or as soon thereafter as

5

this Motion may be heard, defendant Brocade Communications Systems, Inc. ("Brocade" or the

6

"Company"), by and through its undersigned counsel, will and hereby does move this Court for

7

an order enjoining Hai-Ning Huang, Way-Ling Hwang, Frank Petruno and Gordon Meccay,

8

named plaintiffs (collectively, "Plaintiffs") in the putative class action captioned *Huang et al. v.*

9

*Reyes et al.*, filed in the Superior Court for the County of Santa Clara ("State Court"), Case No. 1-

10

07-CV-097169, and on appeal to the California Court of Appeal, Sixth Appellate District ("Court

11

of Appeal"), Case No. H034240 (the "State Huang Action"), from further prosecuting or

12

maintaining any and all claims in the State Huang Action, including in the Court of Appeal. The

13

claims on appeal were released as part of the settlement approved by this Court in *In re Brocade*

14

*Securities Litigation*, Case No. C 05-02042 CRB (the "Federal Class Action") and are forever

15

barred pursuant to the Court's Final Order and Judgment, dated January 26, 2009 ("Final Order").

16

This Motion is based on the pleadings on file, the accompanying Memorandum of Points

17

and Authorities, the Request for Judicial Notice and the Declaration of Angela L. Dunning in

18

Support of Defendant Brocade Communications Systems, Inc.'s Motion to Enforce Class Action

19

Settlement and Final Order and Judgment ("Dunning Decl.") filed herewith and such other

20

matters as may be presented in connection with the hearing on the Motion.

21

**MEMORANDUM OF POINTS AND AUTHORITIES**

22

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

23

Brocade moves to enjoin Plaintiffs from persisting in their efforts to undermine this

24

Court's Final Order by relitigating claims released as part of the class-wide settlement and barred

25

pursuant to the Final Order. Plaintiffs are class members in the Federal Class Action. Even

26

though the federal settlement notice explicitly stated that class members who did not exclude

27

themselves would be releasing any rights in the pending State Huang Action (a putative class

28

action involving nearly identical factual allegations), none of the Plaintiffs opted out. In fact,

1.

1  three of the Plaintiffs filed proof of claim forms attesting to their membership in the federal class

2  and seeking a share of the $160 million settlement fund.  As such, Plaintiffs are barred under this

3  Court's Final Order from further prosecuting or maintaining the State Huang Action.

4        Unfortunately, that has not stopped Plaintiffs.  After the State Court entered judgment

5  dismissing the State Huang Action with prejudice on March 3, 2009 (roughly one week after the

6  federal settlement and releases became effective), Plaintiffs filed a Notice of Appeal in May

7  2009, seeking review of the judgment in the Court of Appeal in direct contravention of this

8  Court's Final Order and the release forms that Plaintiffs, themselves, signed.

9        Plaintiffs should not be permitted to run roughshod over the judicial process by pursuing

10  claims in state court that they just released in federal court.  Accordingly, to protect and effectuate

11  the Settlement and Final Order and to secure the peace it paid for, Brocade now respectfully

12  moves this Court to invoke its authority under the All-Writs Act and Anti-Injunction Act and

13  enjoin Plaintiffs from further maintaining their claims on appeal in the State Huang Action.

14  **II.    STATEMENT OF ISSUES**

15        Whether Brocade is entitled to an injunction prohibiting Plaintiffs from maintaining their

16  appeal in the State Huang Action where the sole claim alleged therein was fully and finally

17  released pursuant to the federal settlement and barred by this Court's Final Order and Judgment?

18  **III.   FACTUAL BACKGROUND**

19        **A.    The Federal Class Action[1]**

20        The first of several federal securities class action lawsuits challenging Brocade's historical

21  stock options practices was filed in this Court in May 2005; it was ultimately consolidated with a

22  number of other cases as *In re Brocade Securities Litigation*, No. 3:05-CV-02042-CRB (the

23  "Federal Class Action").  One of the consolidated actions, *Huang v. Brocade Communications

24  Systems, Inc. et al.*, Case No. 3:05-CV-02316-CRB (the "Federal Huang Action"), was filed in

25  June 2005 by Hai-Ning Huang, one of the individuals who is now pursuing claims in the State

26  Court of Appeal and who is the subject of this motion.  (Federal Huang Action Dkt. No. 1;

27

28  _____

[1] The Court is, of course, very familiar with the procedural history of this action and the settlement thereof, but a brief recitation of key events is necessary to place the State Huang Action in context.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

2.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1    Federal Class Action Dkt. No.[2] 17.)  In July 2005, Huang's counsel, Stull, Stull & Brody, moved

2    for an order appointing Huang and Frank Petruno (also a named Plaintiff in the State Huang

3    Action and a subject of this motion) as lead plaintiffs in the Federal Class Action and it as lead

4    counsel.   The motion was denied.   (Dkt. Nos. 32–37, 157.)   Instead, this Court appointed

5    Arkansas Public Employees' Retirement System ("APERS") as lead plaintiff and Nix, Patterson

6    & Roach LLP and Patton, Roberts, McWilliams & Capshaw LLP as co-lead counsel.  (Dkt. No.

7    157.)  APERS filed a consolidated complaint ("Complaint") on April 14, 2006, and an amended

8    consolidated complaint ("Amended Complaint") on January 2, 2007.  (Dkt. No. 248 (Dunning

9    Decl., Ex. 1).)   The Amended Complaint alleged federal securities violations arising out of

10   Brocade's allegedly fraudulent accounting for and disclosure of backdated or mispriced stock

11   option grants.  (*Id.*)

12            **B.        The Federal Class Action Settlement**

13            On June 2, 2008, Brocade announced that it had reached an agreement in principle to

14   settle the Federal Class Action.   (Dunning Decl., Ex. 2 (Form 8-K, dated June 2, 2008).)

15   Thereafter, the parties entered into a Stipulation and Agreement of Settlement, which was

16   originally filed in this Court on October 24, 2008 (Dkt. No. 471), and later modified pursuant to

17   order of the Court on January 16, 2009 ("Settlement Agreement").   (Dkt. No. 489 (Dunning

18   Decl., Ex. 3).)  Among other things, the Settlement Agreement provided that, in exchange for a

19   payment of $160 million by Brocade, plaintiffs in the Federal Class Action agreed to dismiss that

20   suit on behalf of themselves and all persons and entities who purchased or otherwise acquired

21   Brocade common stock between May 18, 2000 and May 15, 2005, inclusive (the "Class Period"),

22   and who were damaged thereby (the "Federal Class"), and to release any and all claims the

23   Federal Class might have against Brocade or its officers and directors arising out of the conduct

24   alleged in the Complaint or the Amended Complaint (the "Settlement").  (*Id.*, ¶¶ 2-3, 5.)  On

25   November 18, 2008, the Court granted preliminary approval of the Settlement and ordered that

26   notice be sent to the Federal Class.  (Dkt. No. 475.)  On January 26, 2009, following a final

27

28   _____

[2] Further references to "Dkt. No." are to the Federal Class Action docket entries unless otherwise
specified.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

3.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1   fairness hearing, this Court entered its Final Order and Judgment, granting final approval of the

2   Settlement and dismissing the Federal Class Action with prejudice.  (Dkt. Nos. 496, 496-2

3   (Dunning Decl., Ex. 4).)  The Settlement became effective on or about February 25, 2009 (the

4   "Effective Date").  (*See* Dunning Decl., Ex. 3 ¶¶ 1(y), 26); FED. R. APP. P. 4(a)(1).

## 1.     The Releases

6          The Final Order and Settlement Agreement provide that all "Settled Claims" are released

7   and all Class members are forever barred from pursuing such claims in any other forum:

8          Upon the Effective Date, Class Representatives and all Class Members . . . : (a)
           shall have *fully, finally and forever released*, relinquished, and discharged each
9          and every one of the Settled Claims against the Released Parties, whether or not
           any such Class Member or Class Representative executes or delivers a Proof of
10         Claim and Release form ("Proof of Claim"); and (b) shall be deemed to have
           covenanted not to sue on, and *shall forever be barred from suing on, instituting,*
11         *prosecuting, maintaining or asserting in any forum, either directly or indirectly,*
           *on their own behalf or on behalf of any class or other person, any Settled Claim*
12         *against any of the Released Parties.*

13  (Dunning Decl., Ex. 3 ¶ 3(a); Ex. 4 ¶ 10 (emphasis added).)

14         "Settled Claims" include:

15         *[A]ny and all claims*, debts, demands, controversies, obligations, losses, rights or
           causes of action or liabilities of any kind or nature whatsoever . . . , whether based
16         on federal, state, local, statutory or common law or any other law, rule or
           regulation, . . . *whether class or individual* in nature, including both known claims
17         and Unknown Claims (defined herein) that: (i) have been asserted in this Action by
           Class Representatives on behalf of the Class and its Class Members against any of
18         the Released Parties, or (ii) *have been or could have been asserted in any forum* by
           Class Representatives, Class Members or any of them against any of the Released
19         Parties, *which arise out of, relate to or are based upon the allegations,*
           *transactions, facts, matters, occurrences, representations or omissions involved,*
20         *set forth, or referred to in the Complaint and/or the Amended Complaint.*

21  (Dunning Decl., Ex. 3 ¶ 1(pp); Ex. 4 ¶ 8(c) (emphasis added).)

22         "Released Parties" include, among others, Brocade and all of its past or present directors,

23  officers and employees.  (Dunning Decl., Ex. 3 ¶¶ 1(aa), (nn)-(mm); Ex. 4 ¶¶ 8(a), (b).)

## 2.     The Class Notice

25         The Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and

26  Fairness Hearing ("Notice") approved by the Court and sent to Federal Class members explicitly

27  stated that the failure to opt out of the Class would result in Federal Class members giving up any

28  and all rights in connection with the State Huang Action:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA                 4.        NOTICE; MOTION TO ENFORCE CLASS ACTION
                                                SETTLEMENT & FINAL ORDER AND JUDGMENT
                                                C 05-02042 CRB

NOTICE REGARDING OTHER PENDING LITIGATION: If you choose to participate in this Settlement and DO NOT EXCLUDE YOURSELF FROM THIS ACTION, you will give up any rights you have to relief in any other pending or future action against the Released Parties arising out of the conduct set forth in the [Federal Class Action] Complaint and/or Amended Complaint.  At the time this Notice was issued, the Parties were aware of only on such action, the action styled *Huang et al. v. Reyes et al.*, Case No. 1-07-CV-097163, currently pending in the Superior Court of California, County of Santa Clara (the "Huang Action"). However, there may be other such actions.  The Huang Action asserts claims against Gregory Reyes, Stephanie Jensen, Antonio Canova, Nicholas G. Moore, David L. House, Seth D. Neiman, Christopher B. Paisley and Neil Dempsey relating to Brocade's historical stock options practices, and seeks to certify a class consisting of all holders of Brocade common stock who are being and who will be harmed by the conduct alleged in that action.  While Class Representatives and Class Counsel take no position regarding the likelihood of success in the Huang Action, Brocade intends to file a demurrer seeking to have the Huang Action dismissed in its entirety and, as with all litigation, significant risks exist.  IF YOU DO NOT EXCLUDE YOURSELF FROM THIS ACTION (as described below in Answer to Question No. 13), YOU WILL BE GIVING UP ANY AND ALL RIGHTS TO RELIEF, IF ANY, OBTAINED IN THE HUANG ACTION OR ANY OTHER SUCH ACTIONS.

(Dkt. No. 471-3 (Dunning Decl., Ex. 5) at 5.)

### 3. This Court's Continuing Jurisdiction

Paragraph 23 of the Final Order reserves exclusive, continuing jurisdiction in this Court to enforce and interpret the Settlement and the Final Order and Judgment:

Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and the Released Parties for purposes of: (a) supervising the implementation, enforcement, construction and interpretation of the Stipulations [of Settlement], the Plan of Allocation, and this Judgment . . . .

(Dunning Decl., Ex. 4 ¶ 23.)

### C. The State Huang Action

On October 23, 2007, Plaintiffs and their counsel, Stull, Stull & Brody, commenced the State Huang Action by filing a putative class action complaint in the State Court.  The complaint asserted a single "Class Claim for Breach of the Duty of Disclosure" on behalf of the named Plaintiffs and all holders of Brocade common stock between February 21, 2001 and May 16, 2005.  (Dunning Decl., Ex. 6 ¶¶ 1, 22.)  The premise of the claim was that, from 1997 through 2006, defendants allegedly engaged in "a pervasive options backdating scheme" pursuant to which they manipulated stock option grant dates and failed to properly account for such options or to disclose the alleged options scheme in Brocade's public filings.  (Dunning Decl., Ex. 6 ¶¶

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

5.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1    30-37, 108.)  Holders of Brocade shares during the class period allegedly were harmed "as a

2    result of the dilution of [their] voting power" due to the issuance of backdated stock options.  (*Id.*

3    ¶ 110.)  The complaint sought compensatory damages and injunctive relief.  (*Id.*, Prayer for

4    Relief ¶ 4-5.)

5            On May 29, 2008, Brocade demurred to the complaint asserting, among other things, that

6    Plaintiffs' claim was derivative in nature and could not be brought directly against Brocade and

7    its officers and directors.  Rather than opposing Brocade's demurrer, Plaintiffs filed an amended

8    complaint on July 10, 2008.  The amended complaint alleged nearly identical facts and sought the

9    identical relief as in the original complaint, but asserted a somewhat expanded class period and a

10   new theory of liability, namely, that defendants' failure to disclose the alleged backdating scheme

11   deprived the putative class of the "right to cast an informed vote."  (Dunning Decl., Ex. 7 ¶ 113.)

12           On August 4, 2008, Brocade demurred to the amended class complaint on the ground that

13   it, like its predecessor, stated a purely derivative claim.  The Honorable Jack Komar agreed and

14   dismissed the amended complaint with leave to amend.  (Dunning Decl., Ex. 8.)

15           Plaintiffs filed a second amended complaint ("SAC") in the State Huang Action on

16   October 15, 2008, alleging class claims against Brocade and certain of its current and former

17   officers, directors and employees[3] under the civil RICO statute, 18 U.S.C. § 1962(c), based on the

18   same factual allegations as set forth in their earlier complaints.  (Dunning Decl., Ex. 9.)  In

19   particular, Plaintiffs alleged that the defendants engaged in a "pervasive conspiracy to

20   misappropriate Brocade securities through the backdating of stock options – facilitated by the

21   direct and indirect manipulation of stock option grant dates, mail fraud, wire fraud, improper

22   documentation and accounting, and false and misleading publicly-filed financial reports . . . ."

23   (*Id.* ¶ 1; *see also* ¶ 106) (defendants "devised and engage[d] in a scheme . . . for the common

24   purpose of illegally manipulating the granting of stock options at Brocade and to attempt to cover

25

26   ───────────────

27   [3]  The individual defendants named in the SAC are Gregory L. Reyes, Antonio Canova, Nicholas G.
     Moore, David L. House, Seth D. Neiman, Christopher B. Paisley, Neal Dempsey and Stephanie Jensen.
     (Dunning Decl., Ex. 9 ¶¶ 25-32.)  Each of these individuals is a current or former officer, director or

28   employee of Brocade.  (*Id.*)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA                                6.                    NOTICE; MOTION TO ENFORCE CLASS ACTION
                                                                           SETTLEMENT & FINAL ORDER AND JUDGMENT
                                                                           C 05-02042 CRB

1   up such misconduct by filing false financial statements with the SEC to the direct, obvious, and

2   inescapable injury to Brocade's shareholders").

3        On November 17, 2008, Brocade demurred to the SAC on the ground that Plaintiffs'

4   RICO claims were derivative and could not be brought directly against Brocade and its officers

5   and directors.  (Dunning Decl., Exs. 10, 11.)  In its memorandum of points and authorities in

6   support of the demurrer, Brocade informed the State Court that a tentative class-wide settlement

7   had been reached, and a settlement agreement filed, in the Federal Class Action.  (Dunning Decl.,

8   Ex. 10 at 2-3.)

9        On January 30, 2009, Judge Komar sustained Brocade's demurrer to the SAC without

10  leave to amend, finding that it "allege[d] only derivative claims which plaintiffs lack standing to

11  assert against any defendant."  (Dunning Decl., Ex. 12.)  On March 3, 2009, roughly one week

12  after the Effective Date of the Settlement, Judge Komar entered judgment for defendants,

13  dismissing the State Huang Action in its entirety with prejudice.  (Dunning Decl., Ex. 13.)

14       On May 13, 2009, Plaintiffs filed a Notice of Appeal in the State Court, seeking review of

15  Judge Komar's March 3, 2009 judgment.  (Dunning Decl., Ex. 14.)

16      **D.**     **The State Huang Action Plaintiffs Are Members of the Federal Class**

17       Plaintiffs Huang, Hwang and Petruno are members of the Federal Class and did not opt

18  out of the Settlement.  Each filed a proof of claim form in connection with the Settlement,

19  attesting under penalty of perjury that he or she purchased Brocade shares during the Federal

20  Class Period.  (Dunning Decl., Ex. 15, at 6.)  The claim form also provides in pertinent part:

21       I (We) submit this Proof of Claim under the terms of the Stipulation and
    Agreement of Settlement dated as of October 23, 2008 ("Brocade Stipulation") . . .

22       described in the Notice of Class Action, Proposed Settlement, Motion for
    Attorneys' Fees and Fairness Hearing (the "Notice").  I also submit to the

23       jurisdiction of the United States District Court for the Northern District of
    California with respect to my claim as a Class Member (as defined in the Notice)

24       and for purposes of enforcing the release set forth herein. I further acknowledge
    that I am bound by and subject to the terms of any judgment that may be entered in

25       the *In re Brocade Communications Systems Securities Litigation*.

         * * *

26       I (We) hereby acknowledge full and complete satisfaction of, and do fully, finally
    and forever settle, release, relinquish and discharge, all of the Settled Claims

27       against each and all of the Released Parties."

28  (*Id.* at 5.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

7.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1  The fourth Plaintiff, Gordon Meccay, is also a member of the Federal Class and did not

2  request to exclude himself from the Settlement.[4]  (Dunning Decl. ¶ 18.)  Thus, all four Plaintiffs

3  are Federal Class members and bound by the Settlement releases and Final Order barring further

4  prosecution of the State Huang Action.

5  **IV.   ARGUMENT**

6  Pursuant to this Court's Final Order, Plaintiffs fully and finally released all Settled Claims

7  and are forever barred from maintaining such claims in any forum against any of the defendants

8  named in the State Huang Action.  Nevertheless, in direct contravention of that Order, Plaintiffs

9  are attempting to further prosecute the State Huang Action by seeking review from the Court of

10  Appeal.  As such, Plaintiffs are impermissibly seeking to relitigate claims that they have fully and

11  finally released and that they are barred from maintaining.  This Court should enjoin Plaintiffs

12  from further pursuing their appeal of the State Huang Action pursuant to its authority under the

13  Final Order and Judgment, the All-Writs Act and the Anti-Injunction Act.

14  **A.      Plaintiffs Are Bound By the Releases and this Court's Final Order**

15  <u>Plaintiffs are members of the Federal Class</u>.  Three of the State Huang Action Plaintiffs

16  filed proof of claim forms attesting under penalty of perjury to stock sales during the Federal

17  Class Period and membership in the Federal Class.  (Dunning Decl., Ex. 15 at 5.)  The fourth

18  Plaintiff, Gordon Meccay, is almost certainly also a Federal Class member, as presumably his

19

20  [4] Plaintiff Meccay did not file a proof of claim form in connection with the Settlement.  Accordingly,
Brocade's counsel has repeatedly requested that Plaintiffs' counsel provide proof of Meccay's stock
21  trading history so that Brocade may confirm whether he is a member of the Federal Class, but Plaintiffs'
counsel has refused, without explanation, to do so.  (*Id.* ¶¶ 24-29.)  Brocade's counsel informed Plaintiffs'
22  counsel that if Meccay was not a Federal Class member, the parties could avoid the instant motion by
stipulating to dismiss Huang, Hwang and Petruno from the State Huang Action and proceeding to brief the
23  merits of the appeal as to Meccay in the Court of Appeal.  (Dunning Decl. ¶ 27.)  Plaintiffs' counsel
represented that he could not provide the requested information and that this Court would have to decide
24  the issue.  (*Id.* ¶¶ 28-29.)  At the request of Brocade's counsel, Plaintiffs' counsel did agree to a stay of the
appeal pending resolution of this Motion and, concurrently herewith, Brocade is filing an Unopposed
25  Motion To Stay Proceedings in the Court of Appeal.  (*Id.* ¶ 29.)  Brocade respectfully submits that this
Court should require Plaintiffs' counsel immediately to turn over proof of Meccay's stock purchases, if
26  any, during the Federal Class Period, as that information is solely within Plaintiffs' possession or control
and is necessary to confirm whether Meccay is a member of the Federal Class and, thus, bound by the
27  Settlement and the Court's Final Order.  For purposes of this Motion, Brocade assumes that all four
Plaintiffs are members of the Federal Class.

28

8.

1  counsel would have turned over his stock trading records if they indicated otherwise.   Thus,

2  Plaintiffs are Federal Class members.

3        Plaintiffs did not opt out of the Federal Class.   Three of the Plaintiffs filed proof of claim

4  forms affirmatively seeking to participate in the Settlement and recover a share of the $160

5  million Settlement Fund in exchange for their agreement to be bound by the terms of the

6  Settlement Agreement and the Final Order and Judgment.  (Dunning Decl., Ex. 15 at 6.)  None of

7  the State Huang Action Plaintiffs opted out of the Federal Class.  Thus, all Plaintiffs are bound by

8  the Final Order and Judgment.

9        The claims asserted in the State Huang Action are Settled Claims and have been released.

10 Pursuant to the Settlement Agreement and Final Order, all claims of any kind that had been or

11 could have been asserted against the Released Parties in any forum by Federal Class members

12 arising out of or relating to "the allegations, transactions, facts, matters, occurrences,

13 representations or omissions involved, set forth, or referred to in the Complaint and/or the

14 Amended Complaint" were forever released and discharged as of the Effective Date of the

15 Settlement on or about February 25, 2009.  (Dunning Decl., Ex. 3 ¶ 1(pp); Ex. 4 ¶ 8(c).)  These

16 "Settled Claims" include the claims asserted in the State Huang Action, which are based on the

17 identical factual allegations as those alleged in the Amended Complaint.  (*Cf.* Dunning Decl., Ex.

18 1 ¶ 3) (alleging "fraudulent accounting for and disclosure of backdated and/or mispriced stock

19 option grants" and "manipulati[on of] financial statements by fraudulently accounting for

20 backdated and illegal stock option grants") *and* (Ex. 9 ¶¶ 1) (alleging "manipulation of stock

21 option grant dates, . . . improper documentation and accounting, and false and misleading

22 publicly-filed financial reports . . . .").  Moreover, the Federal Class Notice explicitly provided

23 that the Settlement would release any and all rights in the State Huang Action.  (Dunning Decl.,

24 Ex. 5 at 5.)  Thus, the claims asserted in the State Huang Action constitute "Settled Claims" that

25 have been released pursuant to the Settlement Agreement and the Final Order.

26       All defendants in the State Huang Action are Released Parties.  The Settlement and Final

27 Order define Released Parties to include Brocade and all of its current or former officers,

28 directors or employees.  (Dunning Decl., Ex. 3 ¶¶ 1(aa), (mm)-(nn); Ex. 4 ¶¶ 8(a), (b).)

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto, California

9.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

Defendants named in the State Huang Action are Brocade and a number of individual defendants, each of whom, by Plaintiffs' own admission, is a current or former officer, director or employee of Brocade.  (Dunning Decl., Ex. 9 ¶¶ 25-32.)  As a result, all defendants in the State Huang Action are "Released Parties" entitled to the benefit of the releases provided for in the Settlement Agreement and Final Order.

The Final Order bars Plaintiffs from further maintaining the State Huang Action.  The Final Order forever bars Plaintiffs, as members of the Federal Class, from "suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties."  (Dunning Decl., Ex. 3 ¶ 3(a); Ex. 4 ¶ 10.)  For all of the foregoing reasons, Plaintiffs are barred from further prosecuting, maintaining or asserting their claims in the State Huang Action in the Court of Appeal or in any other forum.

**B.      This Court Has Authority Under its Final Order and the All-Writs Act and the Anti-Injunction Act To Enjoin Plaintiffs From Maintaining Their Appeal in the State Huang Action**

In order for a district court to enjoin persons who act in contravention of a federal judgment, two requirements must be met.  First, there must be a jurisdictional basis for the district court to interpret and apply its own judgment.  *See Sandpiper Vill. Condominium Ass'n.*, *Inc. v. Louisiana Pacific Corp.,* 428 F.3d 831, 841 (9th Cir. 2005) (internal citation omitted).  This jurisdictional prerequisite is satisfied by a provision in the final order and judgment expressly retaining jurisdiction in the district court for the purpose of overseeing and enforcing its judgment.  *Id.*  That requirement is met here because, under paragraph 23 of this Court's Final Order, the Court retained exclusive, continuing jurisdiction over the implementation, enforcement, construction and interpretation of the Settlement and the Final Order and Judgment. (Dunning Decl., Ex. 4 ¶ 23.)

The second requirement is derived from the All-Writs Act and the Anti-Injunction Act. The All-Writs Act provides generally that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  The All-Writs Act, in turn, is subject to the limitations

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

10.

NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1   of the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that federal courts "may not grant

2   an injunction to stay proceedings in a State court except as expressly authorized by Act of

3   Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

4   28 U.S.C. § 2283.  Thus, in order for the Court to exercise its authority under the All Writs Act

5   and enjoin Plaintiffs from pursuing their appeal in the State Huang Action, one of the three

6   exceptions to the Anti-Injunction Act must apply.  Here, the applicable exception is the third,

7   known as the "relitigation exception," which authorizes a district court to enjoin state proceedings

8   as necessary "to protect or effectuate its judgments."  *Id.*

9       Grounded in principles of res judicata and collateral estoppel, "the relitigation exception

10  was designed to permit a federal court to prevent state litigation of an issue that was presented to

11  and decided by the federal court."  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988);

12  *see also California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002) ("The relitigation exception

13  'allows federal courts to enjoin state court proceedings to protect the res judicata effect of their

14  judgments.'").  A district court's final order and judgment approving a settlement and dismissing

15  the underlying action with prejudice constitutes a final judgment on the merits entitled to res

16  judicata effect.  *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

17      The Ninth Circuit has repeatedly affirmed district court orders invoking the relitigation

18  exception to enjoin parties from maintaining state proceedings barred by a federal settlement.  *See*

19  *Randtron*, 284 F.3d at 975–76 (affirming district court judgment prohibiting defendant from

20  asserting claims and defenses in state action that were precluded under a federal settlement and

21  related consent decree); *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 868–69 (9th Cir. 1992)

22  (enjoining actions brought in Guam territorial court precluded by federal settlement); *Golden v.*

23  *Pacific Maritime Ass'n*, 786 F.2d 1425, 1428 (9th Cir. 1986) (district court did not abuse

24  discretion in enjoining state court action because litigant had full and fair opportunity to litigate

25  same issues during fairness hearings in settlement of federal action).

26      Likewise, district courts within the Ninth Circuit have employed the relitigation exception

27  to protect the res judicata effect of their prior judgments approving federal settlements.  *See, e.g.,*

28  *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 74 (N.D. Cal. 1976) (enjoining

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto, California

11.

Notice; Motion To Enforce Class Action
Settlement & Final Order and Judgment
C 05-02042 CRB

1  class members who participated in federal settlement by filing claims and class members

2  accorded adequate notice of class settlement from prosecuting state court actions asserting claims

3  released pursuant to federal settlement); *In re Mfrs. Life Ins. Co. Premium Litig.*, No. 96CV230

4  BTM (AJB), 2008 WL 4950939, at *4 (S.D. Cal. Nov. 18, 2008) (enjoining plaintiffs from

5  proceeding in state court with claims released in federal class action settlement).

6  Federal courts outside of the Ninth Circuit have also utilized the relitigation exception to

7  enjoin parties from asserting claims in state court released pursuant to federal settlements. *See*

8  *e.g.*, *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366-67 (3d Cir. 2001)

9  (district court properly enjoined state plaintiffs from maintaining state suit because, as members

10  of the previous federal class action who did not opt out of federal settlement, they released state

11  claims); *Gross v. Barnett Banks, Inc.*, 934 F. Supp. 1340, 1346 (M.D. Fla. 1995) (enjoining state

12  actions raising substantially similar claims precluded by federal settlement).

13  Here, Plaintiffs seek to relitigate in the Court of Appeal claims that they fully and finally

14  released and that they are barred from maintaining under this Court's Final Order.  Plaintiff's

15  conduct amounts to a blatant abuse of the judicial process and deprives Brocade of the benefit of

16  the Settlement.   Accordingly, Plaintiffs should be enjoined from further prosecuting or

17  maintaining any and all of their claims on appeal in the State Huang Action.

18  **V.    CONCLUSION**

19  For the foregoing reasons, Brocade respectfully requests that this Court grant its Motion

20  and enjoin Plaintiffs from further prosecuting or maintaining any and all claims asserted in the

21  State Huang Action, including in the Court of Appeal.

22

23  Dated:  August 17, 2009              COOLEY GODWARD KRONISH LLP

24

25                                        /s/
                                    Angela L. Dunning

26

27  Attorneys for Defendant
    BROCADE COMMUNICATIONS SYSTEMS, INC.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO, CALIFORNIA

12.    NOTICE; MOTION TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB