1  Timothy J. Burke (181866)
   STULL, STULL & BRODY
2  10940 Wilshire Boulevard
   Suite 2300
3  Los Angeles, CA  90024
   Tel:    (310) 209-2468
4  Fax:    (310) 209-2087

5  Counsel for Respondents Hai-Ning Huang,
   Way-Ling Hwang, Frank Petruno, and
6  Gordon A. Meccay

7

8

9

10                  **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13

14

15  In re BROCADE SECURITIES LITIGATION,     )   CASE NO. C 05-02042 CRB
                                             )
16        This Document Relates to:          )   **RESPONDENTS' OPPOSITION TO**
                                             )   **DEFENDANT BROCADE**
17              ALL ACTIONS.                 )   **COMMUNICATIONS SYSTEMS, INC.'S**
    _____ )   **MOTION TO ENFORCE CLASS**
18                                               **ACTION SETTLEMENT AND FINAL**
                                                 **ORDER AND JUDGMENT**
19
                                                 DATE:      October 2, 2009
20                                               TIME:      10:00 a.m.
                                                 JUDGE:     Hon. Charles R. Breyer
21                                               DEPT:      Courtroom 8, 19th Floor

22

23

24

25

26

27

28

1   **I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT**

2            Defendant and movant Brocade Communications Systems, Inc. ("Defendant" or "Movant")

3   is seeking an order enjoining Hai-Ning Huang, Way-Ling Hwang, Frank Petruno and Gordon

4   Meccay, named plaintiffs in the putative class action captioned *Huang et al. v. Reyes et al.*, filed in

5   the Superior Court for the County of Santa Clara ("State Court"), Case No. 1-07-CV-097169, and

6   on appeal to the California Court of Appeal, Sixth Appellate District ("Court of Appeal"), Case No.

7   H034240 (the "State Class Action") (collectively, "Plaintiffs" or "Respondents") from further

8   prosecuting or maintaining any and all claims in the State Action, including in the Court of Appeal.

9   Defendant bases its request on its assertion that the claims on appeal were released as part of the

10  settlement approved by this Court in *In re Brocade Securities Litigation*, Case No. C 05-02042

11  CRB (the "Federal Class Action") and are barred pursuant to the Court's Final Order and Judgment,

12  dated January 26, 2009 ("Final Order").

13           Defendant's request for injunctive relief should be denied.  Defendant argues that this Court

14  should grant an injunction to protect its Final Order under the "relitigation exception" of the Anti

15  Injunction Act.  28 U.S.C. § 2283.  Defendant's claim that this Court must grant the requested

16  injunction to "protect or effectuate its judgment[]."  *See* Def. Memo p. 11-12.

17           However, Defendant's argument is based upon a glaring factual omission – Defendant's

18  failure to inform the Court that Plaintiffs seek to certify a class which is *not part of the Federal*

19  *Class Action*.  The State Class Action seeks to certify a class consisting of *holders* of Defendant's

20  securities, while the Federal Class Action released the claims of *purchasers* of Defendant's

21  securities.  *See* Burke Decl. Exs. 1, 2.  The fact that State Action and the Federal Class Action have

22  different class definitions completely undercuts Defendant's claim that the State Class Action must

23  be enjoined to uphold the settlement in the Federal Class Action.  As the State Court Action does

24  not interfere with this Court's Final Order, an injunction would violate the Anti-Injunction Act,

25  "which is designed to preclude unseemly interference with state court proceedings." *Negrete v.*

26  *Allianz Life Ins. Co.,* 523 F.3d 1091, 1100 (9th Cir. 2008).  For this, and other reasons shown

27  below, Defendant's motion should be denied.

28

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                                    **CASE NO. C 05-02042 CRB**

1    **II.    STATEMENT OF FACTS**

2           The State Class Action seeks to certify a class consisting of *holders* of Defendant's

3    securities who are being and will be harmed by defendants' actions[.]  *See* Declaration of Timothy

4    J. Burke in Support of Respondents' Opposition to Defendant Brocade Communications Systems,

5    Inc.'s Motion to Enforce Class Action Settlement and Final Order and Judgment, Ex. 1,   (" Burke

6    Decl., Ex. __).   On the other hand, in the Federal Class Action this Court certified a class

7    consisting of "[a]ll persons and entities who purchased or otherwise acquired the securities of

8    Brocade between May 18, 2000 and May 15, 2005, inclusive (the "Class Period"), and who were

9    damaged thereby."  *See* Burke Decl., Ex. 2, Dkt. No. 489.

10          Prior to this Court's Final Order and Judgment, the State Class Action proposed class could

11   perhaps be construed to include those who purchased Brocade securities between May 18, 2000 and

12   May 15, 2005.  Now however, it is clear that those persons who purchased Brocade securities

13   between May 18, 2000 and May 15, 2005, and did not exclude themselves from the settlement

14   cannot be members of the proposed class in the State Class Action.  They have been carved-out of

15   the State Class Action.  Giving effect to the carve-out, there is no conflict between the State Class

16   Action proposed class and this Court's Final Order and Judgment.

17   **III.    RELEVANT PROCEDURAL HISTORY**

18          On October 23, 2007, Plaintiffs commenced the State Class Action by filing a putative class

19   action complaint in the State Court.  The complaint asserted a single "Class Claim for Breach of the

20   Duty of Disclosure" on behalf of the named Plaintiffs and all *holders* of Brocade common stock

21   between February 21, 2001 and May 16, 2005.  On May 29, 2008, Brocade demurred to the

22   complaint.  Rather than opposing Brocade's demurrer, Plaintiffs filed an amended complaint on

23   July 10, 2008.

24          On August 4, 2008, Brocade demurred to the amended class complaint on the ground that it,

25   like its predecessor, stated a purely derivative claim.  The Honorable Jack Komar agreed and

26   dismissed the amended complaint with leave to amend.

27          Plaintiffs filed a second amended complaint ("SAC") in the State Huang Action on October

28   15, 2008, alleging class claims against Brocade and certain of its current and former officers,

2

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                         **CASE NO. C 05-02042 CRB**

1   directors and employees under the civil RICO statute, 18 U.S.C. § 1962(c), based on the same

2   factual allegations as set forth in their earlier complaints.

3          On November 17, 2008, Brocade demurred to the SAC on the ground that Plaintiffs' RICO

4   claims were derivative and could not be brought directly against Brocade and its officers and

5   directors.  (Dunning Decl., Exs. 10, 11)

6          On November 18, 2008, this Court filed its order preliminarily approving the settlement of

7   the Federal Class Action (Dkt. No. 475).  The Court also ordered the Notice of Class Action,

8   Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing ("Notice") be distributed

9   forthwith.  The Notice approved by the Court and sent to Federal Class members explicitly

10  informed class members they needed to exclude themselves from the settlement if they wished to

11  participate in the State Class Action:

12          NOTICE REGARDING OTHER PENDING LITIGATION:  If you choose to
        participate in this Settlement and DO NOT EXCLUDE YOURSELF FROM THIS
13      ACTION, you will give up any rights you have to relief in any other pending or
        future action against the Released Parties arising out of the conduct set forth in the
14      [Federal Class Action] Complaint and/or Amended Complaint. At the time this
        Notice was issued, the Parties were aware of only on such action, the action styled
15      *Huang et al. v. Reyes et al.*, Case No. 1-07-CV-097163, currently pending in the
        Superior Court of California, County of Santa Clara (the "Huang Action").
16      However, there may be other such actions.  The Huang Action asserts claims against
        Gregory Reyes, Stephanie Jensen, Antonio Canova, Nicholas G. Moore, David L.
17      House, Seth D. Neiman, Christopher B. Paisley and Neil Dempsey relating to
        Brocade's historical stock options practices, and seeks to certify a class consisting of
18      all holders of Brocade common stock who are being and who will be harmed by the
        conduct alleged in that action.  While Class Representatives and Class Counsel take
19      no position regarding the likelihood of success in the Huang Action, Brocade intends
        to file a demurrer seeking to have the Huang Action dismissed in its entirety and, as
20      with all litigation, significant risks exist.  IF YOU DO NOT EXCLUDE
        YOURSELF FROM THIS ACTION (as described below in Answer to Question No.
21      13), YOU WILL BE GIVING UP ANY AND ALL RIGHTS TO RELIEF, IF ANY,
        OBTAINED IN THE HUANG ACTION OR ANY OTHER SUCH ACTIONS.
22  (Dkt. No. 471-3 (Dunning Decl., Ex. 5) at 5)

23

24         On January 26, 2009, the Court granted final approval of the settlement and entered the

25  Final Order and Judgment (Dkt. No. 496).  Wonny Wong, James Phihal, Maryann Crawford, and

26  Pacific Guardian Life Insurance Co. each filed exclusion requests, which were granted by the Court

27  (Dkt. No. 496-2).  *See* Burke Decl., Ex. 3.

28

3
**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                    **CASE NO. C 05-02042 CRB**

1    On January 30, 2009, Judge Komar sustained Brocade's demurrer to the SAC without leave

2   to amend, finding that it "allege[d] only derivative claims which plaintiffs lack standing to assert

3   against any defendant." (Dunning Decl., Ex. 12).

4    On February 25, 2009 the Settlement became effective (the "Effective Date"). (*See* Dunning

5   Decl., Ex. 3 ¶¶ 1(y), 26); Fed. R. App. P. 4(a)(1).

6    On March 3, 2009, Judge Komar entered judgment for defendants, dismissing the State

7   Huang Action in its entirety with prejudice. (Dunning Decl., Ex. 13).  On May 13, 2009, Plaintiffs

8   filed a Notice of Appeal in the State Court, seeking review of Judge Komar's March 3, 2009

9   judgment. (Dunning Decl., Ex. 14).

10    On August 17, 2009, Defendant filed with the Court of Appeal of the State of California,

11   Sixth Appellate District an Unopposed Motion to Stay the Proceedings to allow the Court to hear

12   the present Motion prior to the filing of the State Class Action Appeal.  *(See* Burke Decl. Ex. 4).

13   That motion was denied on August 27, 2009.  (*See* Burke Decl. Ex. 5).

14   **IV.    ARGUMENT**

15    The Anti-Injunction Act prevents a federal court from enjoining the "proceedings in a State

16   court except as expressly authorized by Act of Congress, or where necessary in aid of its

17   jurisdiction, or to protect or effectuate its judgments." *Sandpiper Vill. Condo. Ass'n v. Louisiana-*

18   *Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283 and overturning

19   injunction).  The limitations expressed in the Anti-Injunction Act rest on the fundamental

20   constitutional independence of the States and their courts, and reflect Congress' considered

21   judgment as to how to balance the tensions inherent in such a system. *Id.*  Rooted firmly in

22   constitutional principles, the Act is designed to prevent friction between federal and state courts by

23   barring federal intervention in all but the narrowest of circumstances. *Id.* (citing *Alton Box Bd. Co.*

24   *v. Esprit de Corp.*, 682 F.2d 1267, 1271 (9th Cir. 1982); *Bennett v. Medtronic*, 285 F.3d 801, 805

25   (9th Cir. 2002).

26    Thus, an injunction should be granted only on "a strong and unequivocal showing" that such

27   relief is necessary.  *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253-54 (9th Cir. 1986).

28   Additionally, the fact that an injunction may issue under the Anti-Injunction Act does not mean that

4

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                                                    **CASE NO. C 05-02042 CRB**

1  it must issue. *Blalock Eddy Ranch v. MCI Telecommunications Corp.*, 982 F.2d 371, 375 (9th Cir.

2  Cal. 1992)(overturning injunction)(citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151, 100

3  L. Ed. 2d 127, 108 S. Ct. 1684 (1988)). Instead, proceedings in state courts should normally be

4  allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if

5  any, through the state appellate courts and ultimately the Supreme Court. *Negrete v. Allianz Life*

6  *Ins. Co.*, 523 F.3d 1091, 1101 (9th Cir. Cal. 2008)(citing *Atlantic C. L. R. Co. v. Brotherhood of*

7  *Locomotive Engineers*, 398 U.S. 281, 286-87; see also *United States v. Alpine Land & Reservoir*

8  *Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999); *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267,

9  1271 (9th Cir. 1982). Accordingly, any doubts as to the propriety of a federal injunction against

10  state court proceedings should be resolved in favor of permitting the state courts to proceed in an

11  orderly fashion to finally determine the controversy. *Negrete v. Allianz Life Ins. Co.*, 523 F.3d at

12  1101(citing *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. at 297).

13        Defendant's claim for injunctive relief is based upon the "relitigation" exception, which

14  allows a district court to issue an injunction when necessary to "protect or effectuate its judgments."

15  *Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942 (9th Cir. 2005)(upholding denial of injunction)

16  This exception is grounded in "the well-recognized concepts of res judicata and collateral estoppel,"

17  (*id.* (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S. Ct. 1684, 100 L. Ed. 2d

18  127 (1988)), and is intended to "prevent the harassment of successful federal litigants through

19  repetitious state litigation." *Id.* at 942-43 (quoting *Amwest Mortgage Corp. v. Grady*, 925 F.2d

20  1162, 1164 (9th Cir. 1991). Thus, the exception permits a district court to enjoin state court

21  litigation if that litigation is barred by the *res judicata* effect of the district court's earlier judgment.

22  *Id.* (citing *Blalock Eddy Ranch v. MCI Telecomms. Corp.*, 982 F.2d at 375.

23        Here, the Federal Class Action does not have a *res judicata* effect on the State Class Action.

24  The two actions do not overlap. If plaintiffs win their current appeal, and then seek to certify a

25  class in the State Class Action, every class member in the Federal Class Action will be excluded

26  from the state class. There is simply no need for this Court to issue an injunction prohibiting

27  Plaintiffs from filing their appeal in state court. Defendant has failed to make a "strong and

28

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd            **CASE NO. C 05-02042 CRB**

1   unequivocal showing" that an injunction is necessary.  *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d

2   at 253-54.  Thus, its motion should be denied.

3        It must be noted that the Court of Appeal of the State of California has already decided not

4   to stay the appeal during the pendency of the present motion.  *See* Burke Decl., Exs. 4, 5.  Instead,

5   the state court ordered that the appeal be briefed and heard.  *See* Burke Decl., Ex. 5.  This is

6   important because that state court ruling itself may be binding on this Court under the Full Faith and

7   Credit Act, 28 U.S.C. § 1738.  *See Brother Records, Inc. v. Jardine*, 432 F.3d at 943.  That Act

8   provides that state court proceedings "shall have the same full faith and credit in every court within

9   the United States . . . as they have by law or usage in the courts of such State . . . from which they

10  are taken."  *Id.* citing 28 U.S.C. § 1738.  Thus, this Court "is required to give the California Court

11  of Appeal's decision "the same preclusive effect it would have had in another court of the same

12  State."  *Id.* (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986)).  Thus, this

13  Court should let the appeal go forward, same as the state court ordered.

14       Defendant argues that it received releases from three of the four named plaintiffs in the State

15  Class Action, Hai-Ning Huang, Way-Ling Hwang, Frank Petruno, and so the entire case should be

16  enjoined for this reason alone.  However, Defendant has failed to provide any evidence showing

17  that plaintiff Gordon Meccay has signed a release, or that he is a member of the Federal Class.

18  Therefore, at a minimum, Plaintiff Meccay's state appeal should go forward.

19       Furthermore, the releases obtained by Defendant are prohibited under California law.

20  "When a plaintiff sues on behalf of a class, he assumes a fiduciary obligation to the members of the

21  class, surrendering any right to compromise the group action in return for an individual gain.  Even

22  if the named plaintiff receives all the benefits that he seeks in the complaint, such success does not

23  divest him of the duty to continue the action for the benefit of others similarly situated."  *Larner v.*

24  *Los Angeles Doctors Hospital Associates, LP*, 168 Cal. App. 4th 1291, 1298 (Cal. App. 2d Dist.

25  2008)(quoting *La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 871 [97 Cal. Rptr. 849,

26  489 P.2d 1113].)  Here, none of the Plaintiffs had the right under California law to release their

27  individual claims.  Such releases are invalid under California law.  As the releases are invalid, this

28

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                                      **CASE NO. C 05-02042 CRB**

1   Court should ignore them and not preclude the plaintiffs who signed them from continuing with the

2   State Class Action.

3           Additionally, even if this Court gave effect to the releases, this Court should also recognize

4   that "a defendant's grant of individual relief to the named plaintiffs in a class action does not, in

5   itself, render those plaintiffs unfit per se to represent the class." *Id.* (quoting *Kagan v. Gibraltar*

6   *Sav. & Loan Assn.* (1984) 35 Cal.3d 582, 594 [200 Cal. Rptr. 38, 676 P.2d 1060]).  Additionally,

7   under California law, if a court concluded that the named plaintiffs may not adequately represent

8   the class, then it should afford them an opportunity to amend their complaint to redefine the class or

9   to add new individual plaintiffs.  *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 284 (Cal.

10  App. 4th Dist. 2008)(citing *Scott v. City of Indian Wells* 6 Cal.3d 541, 550 (Cal. 1972).  Because a

11  named plaintiff may not adequately represent the class and may need to amend the complaint to add

12  a new individual plaintiff who will adequately represent the class, precertification "[d]iscovery to

13  ascertain a suitable class representative is proper." *Id.* (citing *Best Buy Stores, L.P. v. Superior*

14  *Court* (2006) 137 Cal.App.4th 772, 779; *Budget Finance Plan v. Superior Court* (1973) 34 Cal.

15  App. 3d 794, 799 [110 Cal. Rptr. 302]).  The California Supreme Court recently stated: "Contact

16  information regarding the identity of potential class members is generally discoverable, so that the

17  lead plaintiff may learn the names of other persons who might assist in prosecuting the case.

18  *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 373 [53 Cal. Rptr. 3d 513,

19  150 P.3d 198].

20          Thus, if the releases from the three named plaintiffs were found to be valid, it is clear that

21  under California law they would still be allowed to continue their suit, receive discovery from

22  Defendant identifying potential class representatives, and then being allowed to further amend the

23  State Class Action to add those potential class representatives to the complaint.  Of course, this

24  could only happen if Plaintiffs were successful with their current appeal.  However, giving full

25  effect to the above California law will not interfere with the Federal Class Action settlement.  Thus,

26  even if this Court were to give full effect to the prohibited releases, Defendant has failed to make a

27  "strong and unequivocal showing" that an injunction is necessary.  *Bechtel Petroleum, Inc. v.*

28  *Webster*, 796 F.2d at 253-54.

7

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                                    **CASE NO. C 05-02042 CRB**

1      In fact, allowing the State Class Action to continue actually effectuates the Federal Class

2   Action settlement.  In the Notice, Defendant told class members of the existence of the State Class

3   Action and that any class member who wished to participate in the State Class Action needed to

4   exclude themselves from the settlement.  Federal Class members Wonny Wong, James Phihal,

5   Maryann Crawford, and Pacific Guardian Life Insurance Co. each filed exclusion requests allowing

6   them to participate in the State Class Action.  *See* Burke Decl., Ex. 3.  However, Defendant is now

7   claiming that the State Class Action should be enjoined, even though they solicited and receive

8   exclusions based upon the State Class Action's existence.  Here, Defendants are trying to have it

9   both ways by informing Federal Class Members that they must exclude themselves from the

10  settlement to participate in the State Class Action (*see* Dunning Decl., Ex. 5) and then arguing that

11  the allowing the State Class action to proceed will interfere with the Federal Class Action

12  settlement.  Here, to give full effect to the Court approved Notice, the State Class Action must be

13  allowed to continue.

14      Finally, while the Notice was approved by the Court, it never should have been sent directly

15  to Plaintiffs.  This District's Local Rule 11-4(a)(1) states that every member of the bar of this Court

16  and any attorney permitted to practice in this Court must comply with the standards of professional

17  conduct required of members of the State Bar of California.  In turn, California Rule of Professional

18  Conduct 2-100 prohibited Defendant's counsel from communicating "directly or indirectly" about

19  this case with Plaintiffs.  Thus, sending the Notice directly to Plaintiffs was prohibited.  As a result,

20  the injunction can be denied due to Defendant's unclean hands.

21      The unclean hands doctrine "closes the doors of a court of equity to one tainted with

22  inequitableness or bad faith relative to the matter in which he seeks relief, however improper may

23  have been the behavior of the defendant." *Adler v. Federal Republic of Nig.*, 219 F.3d 869, 877

24  (9th Cir. Cal. 2000)(citing *Precision Inst. Mfg. Co. v. Automotive Maintenance Machine Co.*, 324

25  U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945)).  Under this doctrine, the party seeking

26  equitable relief must have acted fairly and without fraud or deceit as to the controversy in issue. *Id.*

27  citing *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985).  Here, both the Plaintiff's

28  releases and the Class Members' exclusions were obtained as a result of Defendant's unclean hands.

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                    **CASE NO. C 05-02042 CRB**

1  Defendant should not have sent the releases directly to Plaintiffs.  Nor should Defendant have used

2  the ability to participate in the State Class Action to solicit exclusions from Class Members, and

3  then claim that the State Class Action interferes with the Federal Class Action settlement.

4  **V.      CONCLUSION**

5         For all the above reasons, Defendant's request for injunctive relief should be denied.

6

7  Dated: September 11, 2009                    Timothy J. Burke
                                                STULL, STULL & BRODY
8

9
                                    By:       s/Timothy J. Burke
10                                            Timothy J. Burke
                                              10940 Wilshire Boulevard
11                                            Suite 2300
                                              Los Angeles, CA  90024
12                                            Tel:   (310) 209-2468
                                              Fax:   (310) 209-2087
13
                                              Counsel for Respondents Hai-Ning Huang, Way-Ling
14                                            Hwang, Frank Petruno, and Gordon A. Meccay

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONDENTS' OPPOSITION TO DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S
MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**
Z:\STULL\BROCADE3\PLD\OPPMtntoEnforce.wpd                                    **CASE NO. C 05-02042 CRB**