COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
NEHA MARATHE (252304) (nmarathe@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BROCADE SECURITIES LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. C 05-02042 CRB<br><br>**REPLY IN SUPPORT OF DEFENDANT BROCADE COMMUNICATIONS SYSTEMS, INC.'S MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND FINAL ORDER AND JUDGMENT**<br><br>Date: October 2, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer<br>Dept.: Courtroom 8, 19th Floor |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

**REPLY I/S/O MTN. TO ENFORCE CLASS ACTION SETTLEMENT & FINAL ORDER AND JUDGMENT**
**C 05-02042 CRB**

## I. INTRODUCTION

Plaintiffs' opposition to Brocade's motion to enforce the Federal Settlement and this Court's Final Order and Judgment borders on the frivolous. Plaintiffs essentially concede that they are members of the Federal Class and did not exclude themselves from the Settlement. Plaintiffs further concede that all but one of them filed a proof of claim form seeking to recover under that very Settlement. Finally, and perhaps most importantly, Plaintiffs concede that the claims they are now attempting to prosecute on appeal in the State Huang Action fall entirely within the scope of the Federal releases. As such, there is no question that Plaintiffs are barred under this Court's Final Order and Judgment from further pursuing their claims on appeal and that, absent an injunction, they will persist in attempting to thwart this Court's Order by doing precisely that.

Undeterred by their own fatal admissions, Plaintiffs offer a string of six tortured arguments why they nevertheless should be permitted to proceed in prosecuting their claims in the State Huang Action. Among other things, Plaintiffs assert that the classes in the two actions may not be identical and that this Court should "ignore" the Federal releases (and allow Plaintiffs to both prosecute their appeal *and* participate in the Settlement) because, in agreeing to be bound by those releases, Plaintiffs somehow violated their fiduciary duties to unnamed state class members who might otherwise have a valid claim in the event that Plaintiffs' state appeal is granted. Plaintiffs' arguments are nonsensical and unavailing. The only issue before this Court is whether these four individuals are entitled to relitigate claims in the state appeals court that they knowingly and voluntarily released in the Federal Settlement. As this Court's Final Order and Judgment makes clear that they are not, an injunction is both necessary and appropriate under the relitigation exception to the Anti-Injunction Act to protect and effectuate that Judgment and to put an end once and for all to Plaintiffs' blatant gamesmanship.

## II. NEW RELEVANT PROCEDURAL HISTORY

On the same day that Brocade filed its opening brief in support of this Motion, it also filed an unopposed motion with the California Court of Appeal seeking to stay the proceedings in that court and all briefing on Plaintiffs' appeal pending a determination by this Court on this Motion.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

(Opp. at 4; Burke Decl., Ex. 4.) On August 27, 2009, the appellate court issued a two-line order denying the unopposed stay motion and ordering Plaintiffs to file their opening brief within 30 days, or by September 28, 2009. (Opp. at 4; Burke Decl., Ex. 5.)

### III. ARGUMENT

In its opening brief, Brocade demonstrated that: (1) three of the four named State Huang Action Plaintiffs are members of the Federal Class, and there is reason to believe that the fourth is as well; (2) Plaintiffs did not exclude themselves from the Federal Settlement; (3) the claims Plaintiffs are attempting to assert on appeal are "Settled Claims" and were released pursuant to the Federal Settlement; and (4) all defendants in the State Huang Action, including Brocade, are "Released Parties" entitled to the benefit of the releases. (Opening Br. at 8-10.) Plaintiffs do not dispute any of these key points. To the contrary, Plaintiffs expressly concede that Brocade shareholders, like Plaintiffs, "who purchased Brocade securities between May 18, 2000 and May 15, 2005, and did not exclude themselves from the settlement," are members of the Federal Class and have "giv[en] up any and all rights to relief, if any, obtained in the [State] Huang Action." (Opp. at 2-3; *see also id.* at 8 (conceding that Plaintiffs did not opt out of the Settlement).) Plaintiffs' efforts to relitigate those very claims in the state appellate court give rise to precisely those circumstances in which courts in this Circuit and around the country routinely find the "strong and unequivocal showing" necessary to invoke the relitigation exception. *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1427 (9th Cir. 1986) (upholding injunction barring relitigation of claims resolved by consent decree); *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 869 (9th Cir. 1992) (upholding injunction barring relitigation of claims resolved by federal settlement). (*See also* Opening Br. at 11-12 (citing numerous other cases).)[1]

Plaintiffs' various arguments that an injunction should nevertheless be denied under the circumstances of this case are entirely without merit.

---

[1] While Plaintiffs cite a number of cases for the general proposition that state proceedings may not be enjoined absent a clear showing that one of the three exceptions to the Anti-Injunction applies (Opp. at 4-5), Plaintiffs do not dispute that the "relitigation exception" is one of the enumerated exceptions or that it explicitly authorizes this Court to enjoin state proceedings where necessary "to protect or effectuate" a judgment entered in connection with a federal settlement. 28 U.S.C. § 2283.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

2.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

First, Plaintiffs contend that the relitigation exception is inapplicable because there is not a perfect overlap between the Federal Class Action and the State Huang Action and, thus, the Settlement "does not have a *res judicata* effect on the State [Huang] Action." (Opp. at 5.) However, the issue before the Court is not whether the two cases are identical or whether the Settlement is preclusive of the State Huang Action as a whole but, rather, whether the Settlement has preclusive effect with respect to the claims being asserted therein by these four Plaintiffs. Here, there is no question that the Federal Settlement is a complete bar to Plaintiffs' claims under principles of res judicata. (*See* Opening Br. at 11.)

The doctrine of res judicata "is motivated primarily by the interests of avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." *Haphey v. Linn County,* 924 F.2d 1512, 1518 (9th Cir. 1991), *rev'd in part on other grounds,* 953 F.2d 549 (9th Cir. 1992) (en banc). Under these principles, it is well settled that dismissal of a federal class action with prejudice pursuant to a court-approved settlement following notice to the class constitutes a final judgment on the merits and is res judicata as to all claims settled and released therein. *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation. . . . Basic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply."); *see also Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (citing *Lawrence v. Steinford Holding B.V. (In re Dominelli*), 820 F.2d 313, 316-17 (9th Cir. 1987)) (same).

In this case, the Court's Final Order and Judgment specifically provides that all "Class Members . . . have fully, finally and forever released, relinquished and discharged each and every one of the Settled Claims against the Released Parties, whether or not any such Class Member . . . executes or delivers a Proof of Claim and Release form." (Dunning Decl., Ex. 4 ¶ 10; *see also* Ex. 3 ¶ 3(a).) The Final Order and Judgment further provides that such persons "*shall forever be barred from . . . continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties*." (*Id.* (emphasis added).) Finally, in case any doubt whatsoever remained,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

3.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1  the Final Order and Judgment specifically provides that the Released Parties may rely on it and
2  the Settlement "to support a defense or counterclaim based on principles of res judicata, collateral
3  estoppel, full faith and credit . . . or any other theory of claim preclusion or issue preclusion or
4  similar defense or counterclaim." (Dunning Decl., Ex. 4 ¶ 13(c).) Accordingly, Plaintiffs'
5  suggestion that the Settlement and Judgment are anything other than a complete bar to their
6  claims in the State Huang Action is disingenuous at best.

7  Second, Plaintiffs argue that they should be permitted to pursue their claims in state court
8  pursuant to the Full Faith and Credit Act. The Full Faith and Credit Act provides that state court
9  proceedings "shall have the same full faith and credit in every court within the United States." 28
10 U.S.C. § 1738 (2009). Accordingly, in *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 524
11 (1986), the Supreme Court held that, if a state court has already ruled that the proceedings before
12 it are not barred by the res judicata effect of a prior federal judgment, the federal court must give
13 full faith and credit to that ruling and may not enjoin the state proceedings under the relitigation
14 exception. *See also Brother Records, Inc. v. Jardine*, 432 F.3d 939, 943 (9th Cir. 2005) (same).

15 *Parsons Steel* and *Brother Records* have no application to the instant Motion. While
16 Plaintiffs point to the appellate court's two-line order declining to stay briefing on Plaintiffs'
17 appeal (Opp. at 6), nothing in that order purports to make findings or issue a ruling on the
18 preclusive effect of the Federal Settlement and Judgment. (Burke Decl., Ex. 5.) Indeed, in
19 Brocade's unopposed stay motion, Brocade made clear that this Court had "exclusive, continuing
20 jurisdiction" over the Class and the Released Parties for purposes of enforcing and interpreting
21 the Settlement and the Final Order and Judgment, and that this Court alone was being asked to
22 consider and rule on the preclusive effect of the Federal Settlement on Plaintiffs' State Huang
23 Action claims. (Burke Decl., Ex. 4 at 2, 8-9; *see also* Opening Br. at 5.) Accordingly, the Full
24 Faith and Credit Act lends no support to Plaintiffs here.

25 Third, Plaintiffs argue that even if Plaintiffs Huang, Hwang and Petruno are bound by the
26 Federal Settlement and releases, Plaintiff Meccay's claims should go forward on appeal because
27 Brocade has failed to provide evidence that he is a member of the Federal Class. This argument
28 is disingenuous at best. Plaintiffs do not now nor have they ever contended that Mr. Meccay is

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

4.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

1  not a Federal Class member, and they specifically concede that he did not exclude himself from
2  the Federal Settlement. (Opp. at 6, 8.) Even more telling, Plaintiffs have consistently thwarted
3  Brocade's efforts to confirm Mr. Meccay's status by refusing Brocade's repeated requests for his
4  trading records. (Dunning Decl. ¶¶ 24-31.) If, in fact, Mr. Meccay is not a Federal Class
5  member, there is a simple way for Plaintiffs to demonstrate his status; that they have refused to do
6  so (and do not even attempt to justify their refusal in their Opposition) speaks volumes.

7  Fourth, Plaintiffs assert that the Federal releases are invalid because "none of the Plaintiffs
8  had the right under California law to release their individual claims." (Opp. at 6.) More
9  specifically, Plaintiffs assert that they violated their own fiduciary duties to the putative class in
10 the State Huang Action by "compromis[ing] the group action in return for an individual gain" (*id.*
11 (citing *Larner v. Los Angeles Doctors Hosp. Assocs., LP*, 168 Cal. App. 4th 1291, 1298 (2008)),
12 and that this Court should therefore "ignore [the releases] and not preclude the plaintiffs who
13 signed them from continuing with the State [Huang] Action." (Opp. at 7.) This argument is
14 flawed in every conceivable way.[2]

15 Leaving aside the obvious absurdity in the notion that Plaintiffs' purported breach of
16 fiduciary duty somehow entitles them to the benefits of the Settlement without the burden of
17 complying with the releases, nothing in *Larner* even remotely calls into question the validity of
18 those releases. In *Larner*, a nurse brought individual and putative class claims against her
19 hospital-employer for violation of overtime laws. 168 Cal. App. 4th at 1294-95. After the trial
20 court granted summary adjudication as to some claims and refused to certify others as class
21 claims, the plaintiff settled and released all claims against the hospital, and the court entered
22 judgment dismissing the action. When plaintiff subsequently attempted to appeal the court's
23 summary adjudication and class certification rulings, the appellate court dismissed the appeal as
24 moot. Citing *La Sala v. American Sav. & Loan Ass'n*, 5 Cal. 3d 864, 871 (1971), the court

---

[2] In addition to the problems with this argument discussed in the body of this brief, this argument raises potentially disqualifying conflicts of interest between the Plaintiffs and their counsel. Counsel appears to be arguing that their own clients breached their fiduciary duties. It is difficult to imagine a more direct conflict. It is also difficult to believe that the four Plaintiffs would have approved such an argument had they known their counsel was making it.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

5.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

explained that the rule prohibiting a trial court from dismissing a putative class action on the basis of a settlement offered to the named plaintiffs alone without notice to the class is designed to "prevent[] a prospective defendant from avoiding a class action by 'picking off' prospective class-action plaintiffs one-by-one, settling the individual claim in an attempt to disqualify the named plaintiff as a class representative." *Larner*, 168 Cal. App. 4th at 1299; *see also Kagan v. Gibraltar Sav. & Loan Ass'n*, 35 Cal. 3d 582, 593 (1984); R. Weil & I. Brown, California Practice Guide: Civil Procedure Before Trial ¶ 14:41 at 14-29 (The Rutter Group 2008). Because the settled claims had already been dismissed "on a substantive ground that would apply equally to deny relief to [the class,] the settlement [could] not be viewed as 'picking off' Larner as a named plaintiff on a valid class claim," and the *La Sala* rule did not apply.[3] *Larner*, 168 Cal. App. 4th at 1299-1300; *see also id.* at 1304 (finding no "danger that the settlement is merely for the purpose of avoiding legitimate class claims"). Accordingly, plaintiff lacked a "continuing personal stake in th[e] litigation" as a result of the settlement, and her appeal on behalf of the class was properly rejected. *Id.* at 1304; *see also id.* at 1300.

Here, the Federal Settlement provides class-wide relief to thousands of Federal Class members, and was approved by this Court only after those persons were afforded notice and an opportunity to exclude themselves from the Settlement. Accordingly, as in *Larner*, Plaintiffs cannot legitimately contend that the Federal Settlement was designed to "pick off" the State Huang Action Plaintiffs "one-by-one" so as to disqualify them from representing the putative class. Plaintiffs were always free to exclude themselves from the Settlement; they simply chose not to do so and thereby disqualified themselves. Further undermining Plaintiffs' argument is the fact that Plaintiffs Huang, Hwang and Petruno filed their proof of claim forms seeking to participate in the Settlement (and explicitly agreeing to be bound by the releases) only *after* Judge

---

[3] *La Sala* involved a putative state class action attacking the validity of a contract clause used by the defendant-lender in all of its contracts. The lender offered in court to waive the disputed clause in the named plaintiffs' contracts, whereupon the trial court ruled *sua sponte* that there was no named plaintiff remaining who was qualified to represent the class, and, without prior notice to the class, dismissed the action without prejudice. The California Supreme Court reversed, expressing concern that defendant could simply continue to waive the contract provision for any representative plaintiff and through such tactics deprive the parties it had harmed of the class action vehicle. Accordingly, the court held that, "on these facts, . . . dismissal of the action requires prior notice to the class." 5 Cal. 3d at 873.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

6.

**REPLY I/S/O MTN. TO ENFORCE CLASS ACTION SETTLEMENT & FINAL ORDER AND JUDGMENT**
C 05-02042 CRB

Komar entered his January 30, 2009 order.  (*See* Ex. 15 at 6 (reflecting that these Plaintiffs signed releases on February 28, February 24 and March 3, 2009, respectively).)  That order sustained Brocade's demurrer with prejudice on the ground that the claims asserted by Plaintiffs could not be maintained as a class action but could only be brought derivatively.  (Dunning Decl., Ex. 12.)  Thus, at the time Plaintiffs signed the releases, the settled claims had already been dismissed "on a substantive ground that would apply equally to deny relief" to all putative class members.[4]  Plaintiffs' contention that this Court should "ignore" those releases and allow Plaintiffs to continue to pursue the Settled Claims by appealing Judge Komar's ruling on behalf the putative class flies directly in the face of *Larner*.  168 Cal. App. 4th at 1299-1300.

As a corollary to this argument, Plaintiffs assert that, even if the releases are found to be valid, Plaintiffs should nevertheless be permitted to proceed with their appeal so that, if they are successful, at some point in the future they can amend the State Huang Action to add new potential class representatives. (Opp. at 7.)  This argument is entirely backwards.  Leaving aside the issues of whether they have any hope of succeeding on the merits on appeal, the releases and this Court's Final Order and Judgment bar them from asserting the Settled Claims in any forum, on behalf of themselves or anyone else.  The releases were a key benefit that Brocade secured for itself and the Released Parties as part of the Settlement.  Plaintiffs cannot simply postpone the effective date of the releases to one that better suits their convenience.

<u>Fifth</u>, Plaintiffs argue that "allowing the State [Huang] Action to continue actually effectuates the Federal Class Action settlement" because "Federal Class members Wonny Wong, James Phihal, Maryann Crawford, and Pacific Guardian Life Insurance Co. each filed exclusion requests allowing them to participate in the State [Huang] Action." (Opp. at 8.)  In other words, Plaintiffs appear to be arguing that these four shareholders relied on their ability to obtain relief in the State Huang Action in deciding whether to opt out of the Settlement, and that it is now somehow inequitable to enjoin Plaintiffs from pursuing those claims for their benefit.  This

---

[4] Of course, as of the February 25, 2009 effective date, the releases were binding on all Federal Class members who did not exclude themselves from the Settlement, regardless of whether they signed and submitted proof-of-claim and release forms. (Dunning Decl., Ex. 3 ¶ 3(a), Ex. 4 ¶ 10.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

7.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

argument, too, is baseless. There is no evidence that the four shareholders who excluded themselves even belong to the putative class in the State Huang Action, much less that they excluded themselves in order to participate in it. Moreover, the Settlement Notice explicitly stated that Brocade was "seeking to have the Huang Action dismissed in its entirety." (Dunning Decl., Ex. 5 at 5.) Accordingly, no shareholder could have justifiably relied on the availability of relief in the State Huang Action in deciding whether to opt out of the Federal Settlement. (Dunning Decl., Ex. 5 at 5.) In any event, the instant Motion is not directed at any shareholder who opted out of the Settlement; it is directed at the four Plaintiffs who admittedly chose not to exclude themselves but rather to release their State Huang Action claims in exchange for participating in the Settlement. It is those four Plaintiffs who are attempting to have it both ways: they seek the benefits of the Settlement without being bound by the releases provided for therein.

Sixth, Plaintiffs argue that an injunction should be denied due to Brocade's "unclean hands." (Opp. at 8.) More specifically, Plaintiffs claim that California Rule of Professional Conduct 2-100 prohibited Brocade's counsel from "communicating 'directly or indirectly' about [the State Huang Action] with Plaintiffs" and, thus, that "sending the Notice directly to Plaintiffs was prohibited" and improper. (*Id.*) This argument is baffling for a number of reasons, principal among them the fact that Brocade did not send the Notice. In fact: (1) the Notice was approved by this Court and sent to all Federal Class members, including Plaintiffs, pursuant to this Court's preliminary approval order (Dkt. No. 475 (Reply Dunning Decl., Ex. 1) ¶ 13); (2) that order approved the form and manner of Notice requested by Lead Plaintiffs in their Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Preliminary Approval Motion") (*Id.* ¶ 6; Dkt. No. 472 (Reply Dunning Decl., Ex. 2) at 17-18); and (3) the Notice was not sent by Brocade's counsel or counsel for any other defendant, but by the Claims Administrator appointed by this Court at Lead Plaintiffs' request (Reply Dunning Decl., Ex. 1 ¶ 4; Ex. 2 at 18).

Although unstated, underlying Plaintiffs' "unclean hands" argument is the insinuation that Plaintiffs were somehow hoodwinked into participating in the Federal Settlement without their counsel's knowledge. That simply is not so. Counsel for Plaintiffs in the State Huang Action, Timothy J. Burke of Stull, Stull & Brody, has been one of the ECF recipients of electronic service

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

8.

REPLY I/S/O MTN. TO ENFORCE CLASS ACTION
SETTLEMENT & FINAL ORDER AND JUDGMENT
C 05-02042 CRB

in the Federal Class Action since 2005, and is specifically identified in the e-service list as a recipient of the Settlement Agreement, the Federal Class Notice, the Preliminary Approval Motion and this Court's preliminary approval order and Final Order and Judgment. (Reply Dunning Decl., Ex. 3.) Thus, Plaintiffs' assertion that service of the Court-approved Notice (or any other aspect of the Notice or administration of the Settlement) somehow renders Brocade's hands "unclean" or otherwise undermines its right to an injunction is simply untenable.

The only facts of consequence to the instant Motion – and they are undisputed – are that Plaintiffs are Federal Class members who received Notice of the Settlement, chose to participate therein or failed to exclude themselves, and are now attempting to deprive Brocade of the benefit of the Settlement by forcing it to relitigate claims in state court that Plaintiffs knowingly and explicitly released and that this Court barred in its Final Order and Judgment. Plaintiffs' conduct is a blatant abuse of the judicial process and they should be enjoined.

## IV. CONCLUSION

For the foregoing reasons, Brocade respectfully requests that this Court grant its Motion, enjoin Plaintiffs from further asserting or maintaining any claims in the State Huang Action, including in the Court of Appeal, and order Plaintiffs to immediately dismiss their appeal.[5]

Dated: September 18, 2009            COOLEY GODWARD KRONISH LLP

                                     /s/
                                     Angela L. Dunning

                                     Attorneys for Defendant
                                     BROCADE COMMUNICATIONS SYSTEMS, INC.

---

[5] At the time Brocade filed its opening brief on this Motion, it expected that the Court of Appeal would grant its unopposed stay motion and, accordingly, that this Court would have an opportunity to decide this Motion and issue the requested injunction precluding Plaintiffs from continuing their appeal or filing any briefing in support thereof. On August 27, 2009, however, the appellate court denied Brocade's stay request without explanation. As a result, Plaintiffs will almost certainly have filed their opening brief on appeal (which is due on or before September 28, 2009) before this Court hears oral argument on this Motion on October 2, 2009. Plaintiffs' filing, in turn, will trigger a 30-day deadline for Brocade to file its brief. In order to fully effectuate the requested injunction, Brocade respectfully submits that the Court should order Plaintiffs to dismiss their appeal within 24 hours of its ruling so that Brocade will not be put to the unnecessary task of preparing briefing in response to an appeal Plaintiffs have no right to pursue.